Tommy N. GREER, Petitioner,

v.

George J. BETO, Director, Texas Department of Corrections, Respondent.

Civ. A. No. 14548.

United States District Court
S. D. Texas,
Houston Division.
June 19, 1964.

Will Gray, Houston, Tex., for petitioner.

Will Wilson, Atty. Gen., Austin, Tex., and Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., for respondent.

INGRAHAM, District Judge.

This case is before the court on a motion to reinstate a petition for habeas corpus.

Petitioner, Tommy N. Greer, is a prisoner in state custody. As is clear from the style of the motion, he is not a stranger to this court. Originally, Greer was

denied leave to file in forma pauperis, this court holding that there was no obvious error apparent in the fact-finding mechanisms of the state court. His motion for rehearing was denied, and this court further refused to issue a Certificate of Probable Cause under 28 U.S.C.A. § 2253, believing an appeal to be without merit. The Court of Appeals disagreed, heard the appeal, and reversed and remanded the case. Greer v. Ellis, 306 F.2d 587 (5th Cir. 1962).

On remand, the respondent was required to show cause why the relief prayed for in petitioner's complaint should not be granted. The respondent filed an answer, with copies of all the relevant state court records, and this was traversed by the petitioner. On November 27, 1962, at the time of the hearing set before the district court and in the presence of petitioner, respondent moved to dismiss the complaint. This motion was granted without prejudice and the order to show cause was discharged. The reason for that dismissal is still effective at this time.

Four judgments were entered against petitioner by the 75th District Court of Liberty County, Texas, on April 1, 1958. In each of these causes petitioner was sentenced to confinement for ten years. The validity of these judgments is not questioned. Petitioner's allegations of deprivation of his liberty without due process of law are directed at a judgment entered by the Criminal District Court of Harris County, Texas, on February 19, 1957. In that cause Greer was adjudged guilty on the primary count of burglary and also found to be guilty of violating the recidivist statute, Art. 63, Texas Penal Code. He was sentenced to life imprisonment.

■■ The previous petition for habeas corpus was dismissed because petitioner was also being held by virtue of four uncontested judgments. Even if the attack on the validity of the Harris County conviction were upheld, this would not act to release petitioner from custody. And in habeas corpus, the applicant has

no right to have adjudicated the validity of a sentence where, if adjudicated in his favor, he would still be confined in the same penitentiary under another existing sentence. The time to serve for the four uncontested judgments in the instant case does not expire until 1968. Until the time when a judicial determination of the questions presented by petitioner could affect the lawfulness of his custody and detention this court will not act. Lee v. Swope, 225 F.2d 674 (9th Cir. 1955), cert. denied, 350 U.S. 967, 76 S.Ct. 436, 100 L.Ed. 839 (1956).

In view of the foregoing, the motion for reinstatement of the petitioner for writ of habeas corpus must be and is hereby denied.