**Charles KELLY, Petitioner,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Respondent.**
**No. 1434.**

United States District Court,
W. D. Kentucky,
Bowling Green Division.
June 11, 1970.

Charles Kelly, pro se.

John B. Breckinridge, Atty. Gen., by Douglas E. Johnson, Asst. Atty. Gen., Frankfort, Ky., for respondent.

## MEMORANDUM

SWINFORD, District Judge.

Petitioner, Charles Kelly, has submitted to this court a petition for a writ of habeas corpus, a memorandum of law, an affidavit of poverty and a motion to proceed in forma pauperis. Petitioner was granted leave to proceed in forma pauperis and his petition for a writ of habeas corpus was ordered filed. The respondent has responded to the show cause order and has moved to dismiss the petition.

Petitioner is presently incarcerated in the Kentucky State Penitentiary at Ed-

dyville, Kentucky, where he is serving two consecutive life sentences for armed robbery received in Jefferson County in 1952, one life sentence for armed robbery received in Nelson County in 1952, one life sentence for armed robbery imposed by the Casey County Circuit Court of Kentucky on June 12, 1939, and numerous other smaller concurrent sentences.

As grounds for his application for federal habeas corpus the petitioner, apparently conceding the validity of his other sentences, attacks the constitutionality of the life sentence of 1939 for armed robbery. The petitioner contends that he was denied assistance of counsel; that he was mentally incapable of intelligently waiving his right to counsel; and that as a result he was coerced to plead guilty. The allegations of the petition are conclusory and conspicuously lacking of any factual corroboration. It is impossible to ascertain from the record before the court the validity of these charges and whatever evidence there may have been which might attest to their merits has more than likely been forgotten, lost or vanished with the passage of time.

■ An essential and fundamental part of any virtuous concept of justice is the right to assistance of counsel. The Supreme Court in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963) overruled Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942) and held that the fourteenth amendment due process clause did incorporate the sixth amendment guarantee to assistance of counsel. The effect of Gideon was to assure an indigent defendant in a state court criminal prosecution the right to an attorney. There was and still remains some question as to whether Gideon is to have retroactive application. Certainly the tenor of the case and the dicta of following cases would establish that it does. See Johnson v. New Jersey, 384 U.S. 719, at 728, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Gideon involved a habeas

corpus proceeding by a prisoner whose conviction had become final. The law as declared in Gideon was applied retrospectively to the petitioner in that case. Nevertheless there has been no express holding by the Supreme Court that Gideon does have retroactive effect. Despite the absence of such an express mandate there can be little doubt that the right to counsel at all critical stages of the criminal proceedings has been made retroactive. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); and Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968).

■■ The primary issue which this case resolves to, however, is whether in light of the other commitments and concurrent sentences this court should rule on the constitutional legality of the detention which the petitioner has attacked. Assuming for the purpose of argument that the conviction of 1939 were held invalid, such a declaration would not result in the release of the petitioner from custody. As the respondent aptly notes, the petitioner's prospect of release or expiration of sentence would be no brighter even if his allegations concerning the 1939 conviction were proved. The purpose of the writ of habeas corpus is to effect the discharge of a prisoner who is held under an illegal commitment. The writ is not intended to be used to test the validity of one particular conviction where other valid and uncontested judgments would force the prisoner to remain in custody. Simply stated, the writ, if available, should result in the discharge of the petitioner. Here, the applicant would remain in custody of the Commonwealth of Kentucky under three life sentences, the possible illegality of the 1939 conviction notwithstanding.

■ There is ample authority for the proposition that a petitioner for habeas corpus does not have a right to have the validity of one sentence adjudicated where he would still be confined under other valid existing orders. The court's opinion in Greer v. Beto, 230 F.Supp.

985 (D.C.1964) included the following language:

"And in habeas corpus, the applicant has no right to have adjudicated the validity of a sentence where, if adjudicated in his favor, he would still be confined in the same penitentiary under another existing sentence."

The petitioner in Greer, as the petitioner in this case, was held under separate judgments imposed in different counties. Other cases of similar import are Wilson v. Gray, 345 F.2d 282 (9 Cir. 1965); Brown v. Beto, 377 F.2d 950 (5 Cir. 1967); Lee v. Swope, 225 F.2d 674 (9 Cir. 1955) and cases cited therein. It must be noted that the theory expounded in these cases has to some degree been modified by Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). The Supreme Court in Peyton held that a prisoner could attack the constitutionality of a consecutive sentence scheduled for future service. The court concluded that a prisoner serving consecutive sentences is "in custody" under any one of them for the purposes of 28 U.S.C. section 2241(c) (3). Although the significant point of law decided in Peyton concerned the "in custody" requirement of section 2241 the case has been construed to mean that a prisoner may protest the legality of one of several convictions even though if successful he would not be immediately discharged.

 A prisoner ought to be entitled to a prompt adjudication of any constitutional claim he may have, and should be permitted to challenge the validity of any one of several concurrent sentences if it is foreseeable that a successful attack might result in an earlier release. The Sixth Circuit in Walker v. Wheeler, 411 F.2d 468 (1969) reversed the Federal District Court for the Southern District of Ohio and allowed the petitioner to attack the first of two convictions, the sentences of which were to run concurrently, even though the legality of the second conviction was unchallenged and there was little prospect of an immediate discharge. The court

reasoned that in practice, parole is more likely to be granted to a prisoner serving one sentence for one offense, than a prisoner serving concurrent sentences for multiple convictions. The present state of the law seems to be that a petition for habeas corpus should only be considered where immediate discharge will result, or where there is a possibility of an earlier discharge or parole.

█ It is apparent that the petitioner in this case would derive no real advantage from a successful disposition of his suit. Any benefit which might inure to the petitioner would be functionally illusory and at best abstract. Surely the writ is not intended to issue for vain purposes.

An order in conformity with this memorandum is this day entered.