LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of the trial court denying this appellant’s petition for writ of error coram nobis, after a lengthy hearing thereon before the trial judge who presided at a jury trial of Wy-singer and whose judgment and sentence of imprisonment for life had been affirmed by this Court in Wysinger v. State, 448 So.2d 435 (Ala.Cr.App.1983). Four issues *876 are presented on this appeal, which we now consider in the order presented in brief of counsel for appellant:
I.
By the first issue presented, the contention is made that counsel for defendant was ineffective at the time of the trial of the case. We are informed by the record before us and the previously decided and reported case of Wysinger v. State, supra, that the attorney representing defendant on the trial of the case was Attorney J. D. Terry of the Public Defender’s Office in Tuscaloosa County and that he was one of the two attorneys from that office who represented appellant in the cited case on appeal from the judgment of conviction and sentence. He was the first witness called by petitioner on the hearing of the coram nobis petition, who testified that he and attorney Michael Cornwell represented defendant in the trial court and in the appellate courts in said case of Wysinger v. State, cited above.
The direct examination by the defendant-petitioner’s attorney consisted largely of his inquiry of the witness as to what the witness did prior to the trial of the case in the way of interviewing potential witnesses for the State, all as summarized in the concluding paragraph of the brief of counsel for appellant as to this issue as follows:
“The Defendant was not properly and vigorously represented by counsel at the trial. This resulted from the overwork and the understaffing of the Public Defender’s Office in Tuscaloosa County. The obvious problems are evident from the testimony of Mr. Wysinger’s sister who indicated that she attempted to talk to counsel for the Defendant but was discouraged from doing so by someone whom she thought was a representative of the Public Defender’s Office. (R. 27-28). She was prevented from discussing some items of evidence which would have been to the Defendant’s advantage.”
This contention of counsel for petitioner-appellant is to a large extent refuted by the court reporter’s transcript as to the testimony of Attorney Terry on direct examination of petitioner’s attorney on the hearing of the coram nobis proceeding by some of his testimony as follows:
“Q. Okay. This case involved a shooting which occurred in a crowd of people. Is that your recollection?
“A. Yes, sir, it is.
“Q. Did you make an attempt to interview all the people that were in that crowd?
“A. I wouldn’t say that an attempt was made to interview all the people of the crowd, an attempt was made to identify as many of the people that were present as possible and in talking with Barry and his sister another young lady that was there Sandy Webb as well as reviewing the police reports and getting names of people that we knew were there and trying to determine the identity of other people.
“Q. Do you know how many people that you interviewed that were in the crowd?
“A. Probably a little less than ten people.
[[Image here]]
“Q. At the time of the trial do you recall what witnesses were called for the defense?
“A. Yes, sir.
“Q. Who were those witnesses?
“A. The witnesses that testified on behalf of the defendant were Shirley Wy-singer, Casandra Webb, Barry Wysinger, Minnie Wysinger, and Ricky Butler.”
We are convinced that the trial court, presided over by the same trial judge on the trial of the murder case and on the hearing of the coram nobis petition, was not in error in determining adversely to petitioner that which now consists of appellant’s Issue I, and we determine said issue adversely to appellant herein.
II, III, and IV
The next three issues are separately captioned in brief of counsel for appellant as follows:
“WHETHER IT WAS ERROR REQUIRING THAT DEFENDANT BE GRANT *877 ED A NEW TRIAL TO SYSTEMATICALLY EXCLUDE BLACKS AND PERSONS BETWEEN THE AGES OF 18 AND 25 FROM BOTH THE GRAND JURY WHICH RETURNED THE INDICTMENT AND THE PETIT JURY WHICH CONVICTED DEFENDANT.” “WHETHER IT WAS ERROR FOR THE COURT TO READ TO THE JURY AT THE BEGINNING OF THE TRIAL THE ONE COUNT OF THE INDICTMENT WHICH WAS LATER DISMISSED BEFORE THE END OF THE TRIAL.”
“WHETHER THE AMENDMENT OF THE INDICTMENT WITHOUT THE ORDERING OF A NEW TRIAL IS A MATERIAL VARIANCE DENYING THE DEFENDANT CONSTITUTIONAL GUARANTEE.”
In an opinion authored by Justice Shores in Ex Parte Ellison, 410 So.2d 130 (Ala. 1982), it was decided, in accordance with a number of precedents from appellate courts of Alabama, that similar issues could not be presented by petition for writ of error coram nobis in the absence of their having been presented in the .original trial or on appeal from judgments of conviction. The concluding paragraph in Ex parte Ellison is as follows:
“The issue concerning the sufficiency of the indictment was not raised at the original trial or on the subsequent appeal. Therefore, the remedy of coram nobis is not available. This is true even though, as Ellison has asserted, it is a constitutional issue that is raised by the writ because ‘one may waive and does waive his constitutional rights if he fails to assert or claim them at the appropriate time and place, and according to the established course of procedure.’ Johnson v. Williams, 244 Ala. 391, 13 So.2d 683 (1943). Therefore the judgment is affirmed.”
In accordance with Ex Parte Ellison, we determine Issues II, III, and IV adversely to appellant.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.