**Barry Darnell WYSINGER,**
**Petitioner–Appellant,**

v.

**Leoneal DAVIS, Warden; The Attorney General for the State of Alabama,**
**Respondents–Appellees.**

No. 88–7687.

United States Court of Appeals,
Eleventh Circuit.

Sept. 29, 1989.

Stephen L. Sexton, Birmingham, Ala., for petitioner-appellant.

Andy S. Poole, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before RONEY, Chief Judge, JOHNSON, Circuit Judge, and YOUNG *, Senior District Judge.

PER CURIAM:

Barry Darnell Wysinger appeals the dismissal of his petition for writ of habeas corpus, alleging his Sixth Amendment right to a fair trial was violated by the exclusion of (1) persons aged eighteen to twenty-five and (2) blacks from the grand jury and trial jury selection process. We affirm.

A jury convicted Wysinger for murder and sentenced him to life in prison after he fired a shot into a crowd of people at a housing project in Tuscaloosa, Alabama. His conviction was affirmed on appeal. *Wysinger v. State*, 448 So.2d 435 (Ala. Crim.App.1983). The Alabama Supreme Court denied certiorari. The state circuit court denied Wysinger's Petition for Writ of Error Coram Nobis, and the Alabama Court of Criminal Appeals affirmed. *Wysinger v. State*, 502 So.2d 875 (Ala.Crim. App.1987). Wysinger filed a Petition for Writ of Habeas Corpus in the district court. The district court adopted the Magistrate's Report and Recommendation, issued after an evidentiary hearing, denying Wysinger's petition. This appeal followed.

■ Wysinger first claimed that the underrepresentation of young people between the ages of eighteen to twenty-five from the grand jury and trial jury selection process denied his right, under the Sixth Amendment, to a jury selected from a fair cross-section of the community. *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). The magistrate conducted an evidentiary hearing on this issue and based upon the evidence and testimony offered at the hearing and later by stipulation, concluded that the Tuscaloosa County citizens between the ages of eighteen and twenty-five did not constitute a distinctive or cognizable group for purposes of Sixth Amendment analysis.

In this case, all Wysinger did was provide the court with evidence supporting his theory that the relevant age group was underrepresented. He presented no evidence concerning this group's distinctiveness, other than age. *Willis v. Kemp*, 838 F.2d 1510 (11th Cir.1988), *cert. denied sub nom., Willis v. Zant*, —— U.S. ——, 109 S.Ct. 1328, 103 L.Ed.2d 596 (1989). We have previously held that adults between the ages of eighteen to thirty are not a distinctive group for purposes of jury venire. *Cox v. Montgomery*, 718 F.2d 1036, 1038 (11th Cir.1983). Whether viewed as a matter of law or a matter of fact, age alone does not identify an identifiable group for Sixth Amendment purposes. *See Ford v. Seabold*, 841 F.2d 677 (6th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 315, 102 L.Ed.2d 334 (1988); *United States v. Cresta*, 825 F.2d 538 (1st Cir.1987), *cert. denied sub nom. Impemba v. United States*, —— U.S. ——, 108 S.Ct. 2033, 100 L.Ed.2d 618 (1988); *Davis v. Greer*, 675 F.2d 141, 146 (7th Cir.), *cert. denied*, 459 U.S. 975, 103 S.Ct. 310, 74 L.Ed.2d 289 (1982); *United States v. Potter*, 552 F.2d 901, 905 (9th Cir.1977); *United States v. Kirk*, 534 F.2d 1262 (8th Cir.1976), *cert. denied*, 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1091 (1977); *conviction vacated in part*, 723 F.2d 1379 (8th Cir.1983), *cert. denied*, 466 U.S. 930, 104 S.Ct. 1717, 80 L.Ed.2d 189 (1984); *United States v. Diggs*, 522 F.2d 1310 (D.C. Cir.1975), *cert. denied*, 466 U.S. 930, 104 S.Ct. 1717, 80 L.Ed.2d 189 (1984); *cf. Brown v. Harris*, 666 F.2d 782, 783–84 (2d Cir.1981) (expressing "sympathy" for position that young people cannot be regarded as a distinctive group, but not deciding the question), *cert. denied*, 456 U.S. 948, 102 S.Ct. 2017, 72 L.Ed.2d 472 (1982). *See also United States v. Musto*, 540 F.Supp. 346, 354–55 (D.N.J.1982) (persons aged eighteen to twenty-seven not cognizable group for purposes of grand jury selection process), *aff'd sub nom. United States v. Aimone*, 715 F.2d 822 (3d Cir. 1983), *cert. denied*, 468 U.S. 1217, 104 S.Ct. 3585, 82 L.Ed.2d 883 (1984); *United States v. Blair*, 493 F.Supp. 398 (D.Md.1980), *aff'd*, 665 F.2d 500 (4th Cir.1981).

■ Wysinger's second point on this appeal is a challenge to the racial composition

* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

of the jury. He alleged that the county's jury selection process caused the systematic underrepresentation of blacks in the jury pool. As reflected in the Magistrate's Report and Recommendation, defendant simply failed to prove the facts necessary to support this claim. *Wysinger v. Davis*, No. CV 87–A–268–W (N.D.Ala. June 22, 1988).

AFFIRMED.