**Ronald Wayne BREWER,
Petitioner–Appellant,**

v.

**STATE OF IOWA, Respondent–Appellee.**

No. 93–2048.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1993.

Decided March 24, 1994.

James S. Blackman, Des Moines, IA, argued, for appellant.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, IA, argued, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, JOHN R. GIBSON *, Senior Circuit Judge, and WOODS **, District Judge.

JOHN R. GIBSON, Senior Circuit Judge.

Ronald Wayne Brewer appeals from the district court's [1] denial of a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254 (1988). Brewer argues he received ineffective assistance of counsel in violation of his Sixth Amendment rights. We affirm.

In 1963, Brewer shot at the lock of his girlfriend's apartment in an attempt to enter it. He ordered her landlord at gunpoint to open the apartment, but the landlord was unable to open the lock Brewer had shot. Brewer then shot the landlord as he attempted to flee from Brewer. The landlord later died, and Brewer pleaded guilty to second-degree murder. Brewer's post-conviction challenges in the state courts were unsuccessful. *See Brewer v. State*, 446 N.W.2d 803 (Iowa 1989); *Brewer v. Bennett*, 161 N.W.2d 749 (Iowa 1968). In 1975, while still in prison for the 1963 murder, Brewer escaped and committed two murders. He was convicted on one, and the state never proceeded to trial on the other. He received a second life sentence, which has been appealed and affirmed. *See State v. Brewer*, 247 N.W.2d 205 (Iowa 1976). His post-conviction appeals for relief from the 1975 murder have been denied. *See Brewer v. State*, 444 N.W.2d 77 (Iowa 1989); *Brewer v. Nix*, 963 F.2d 1111 (8th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 273, 121 L.Ed.2d 201 (1992). In 1992, Brewer filed a petition for federal habeas relief for the 1963 murder conviction, arguing, as he did in the state courts, that he was induced to plead guilty when he received ineffective assistance of counsel and that his counsel failed to investigate an insanity defense and an accidental shooting defense. The district court denied his claim for habeas relief and we affirm.

We review the district court's ruling on an ineffective assistance of counsel challenge under a de novo standard. *Laws v. Armontrout*, 863 F.2d 1377, 1381 (8th Cir. 1988) (en banc), *cert. denied,* 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). To succeed on a Sixth Amendment ineffective assistance of counsel challenge, a petitioner must show that his counsel's assistance fell below an objective standard of reasonableness and that he suffered prejudice as a result of his counsel's deficiencies. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A guilty plea is valid if it is a "voluntary and intelligent choice" for the defendant given the alternatives available to him. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). When a defendant chooses to plead guilty after receiving advice from his counsel, the voluntariness and intelligence of the plea depend "on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)).

Before considering Brewer's claims on the merits, we pause to address the government's argument that this action is moot. A habeas corpus action is moot when "there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968). The government suggests Brewer's second life sentence for the 1975 murder moots this action for habeas relief because even if he is successful here, he will still remain incarcerated for life. The district court found this action was not moot because a possibility exists that the challenged conviction, if determined to be invalid, could cause him adverse legal consequences. The district court stated, for example, if

---

* The HONORABLE JOHN R. GIBSON was Circuit Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted, and took senior status on January 1, 1994, before the opinion was filed.

** The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Charles R. Wolle, United States Chief Judge for the Southern District of Iowa.

Brewer sought a commutation of his sentence, there is a possibility a second invalid conviction would preclude him from relief. We agree that the claim is not moot, and accordingly, we proceed to the merits of Brewer's habeas action.

 Brewer first argues the district court erred in denying his claim that his counsel was unconstitutionally ineffective when counsel allegedly induced or coerced Brewer to plead guilty despite evidence that Brewer suffered from a mental disease or defect. The state court found no evidence that Brewer was improperly induced into pleading guilty. *See Brewer*, 161 N.W.2d at 751. The district court concluded that because an insanity defense would have been unsuccessful in Brewer's case, his counsel was not ineffective by failing to investigate it. Under Iowa law, the insanity defense is available to a defendant who, at the time of the crime, was unable to distinguish between right and wrong or did not understand the nature of his act. *See* Iowa Code § 701.4 (1993); *State v. Gramenz*, 256 Iowa 134, 126 N.W.2d 285, 288 (1964) (right and wrong test). The record shows that Brewer made sworn statements immediately following the shooting that indicated he knew the nature of his actions and could distinguish "right" from "wrong." Brewer stated he immediately fled the scene, threw away the gun, jumped on a freight train bound for Des Moines, Iowa, and later stole a car. In a 1990 deposition, Brewer testified that he fled the scene of the crime because he had a criminal record and thought he would be blamed for the shooting. These statements regarding his evasive actions demonstrate he understood the nature of his actions and the wrongfulness of the shooting. Because an insanity defense would have been futile, his counsel did not fall below an objective standard of reasonableness in declining to assert it.[2] *See Hill*, 474 U.S. at 57, 106 S.Ct. at 369. Therefore, we conclude the district court did not err in

denying Brewer's habeas claim on this ground.

 Brewer also argues that his counsel was ineffective for failing to investigate and assert an accidental shooting defense. Under Iowa law, a defendant may be excused from guilt on the basis of accidental death if the killing was unintentional, if it occurred while the defendant was engaged in a "lawful enterprise" and if he acted without a "wrongful purpose." *State v. Fowler*, 248 N.W.2d 511, 519–20 (Iowa 1976), *cert. denied*, 439 U.S. 1072, 99 S.Ct. 842, 59 L.Ed.2d 37 (1979). The district court denied Brewer's claim for habeas relief on this ground, finding that an accidental shooting defense would have been unsuccessful because Brewer was engaged in unlawful conduct at the time he shot the landlord. The evidence shows that the shooting occurred while Brewer was attempting to break into his girlfriend's apartment and that he shot off the lock on the front door. Indeed, he even stated he "attempted to force [his] way" into his girlfriend's apartment. Because his conduct was unlawful and therefore the accidental shooting defense was unavailable to Brewer, we find no error in the district court's finding that Brewer's counsel adequately represented him.

We affirm the district court's denial of Brewer's request for the issuance of a writ of habeas corpus.

**2.** Brewer argues that his counsel should have investigated the insanity defense because Brewer was found not guilty of an unrelated 1958 burglary by reason of insanity in a trial only eleven months earlier. There was evidence that Brewer was treated and released as cured after 1958. Also, insanity is determined at the time of the criminal act, not at the time of trial for that act. Thus, the fact the trial at which he was found insane in 1958 was not held until 1962 is not determinative for purposes of asserting the insanity defense for the 1963 murder. The argument based on the 1958 offense is not persuasive.