# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1068

_____

Lonzo Howard,                          *
                                       *
            Appellant,                 *
                                       *    Appeal from the United States
     v.                                *    District Court for the
                                       *    Southern District of Iowa.
Jerry Burt,                            *
                                       *    [UNPUBLISHED]
            Appellee.                  *

_____

Submitted: December 7, 2009
Filed: December 16, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Iowa prisoner Lonzo Howard appeals the district court's[1] order denying his 28 U.S.C. § 2254 habeas petition challenging his conviction for second-degree sexual abuse of his girlfriend's 9-year-old granddaughter in violation of Iowa Code § 709.3(2). The district court granted a certificate on Howard's claim that counsel was ineffective for failing to move for a new trial or for additional findings based on his defense that he mistakenly believed the 9-year-old, 65-pound victim was his 55-year-old, 300-pound girlfriend. The Iowa Court of Appeals rejected the claim on

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

direct appeal, explaining the trial court had disbelieved Howard, and a mistake-of-fact defense was not available to Howard under Iowa law because it would not negate any element of his general-intent offense. The appeals court concluded counsel thus had no duty to continue to press the defense by seeking a new trial or additional findings, and even if counsel had done so, the trial court would have rejected the effort given the court's view that Howard's mistake defense was not believable and unavailable under Iowa law. State v. Howard, No. 03-0734, 2004 WL 894127 (Iowa Ct. App. Apr. 28, 2004) (unpublished).

Having carefully reviewed the parties' submissions, the record, and the applicable law, we conclude the rejection of Howard's ineffective-assistance claim by the Iowa Court of Appeals did not involve an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), and was not based on an unreasonable determination of the facts in light of the evidence. See 28 U.S.C. § 2254(d) (standard for granting habeas relief to state prisoner on claim rejected on merits by state court). Federal habeas courts lack authority to review a state court's interpretation and application of state law. See Evenstad v. Carlson, 470 F.3d 777, 782 (8th Cir. 2005). Given the Iowa Court of Appeals's conclusion that mistake is not a defense to a second-degree sexual abuse charge under Iowa law, the court reasonably concluded Howard did not receive ineffective assistance when his attorney failed to pursue the matter following the judgment. See Brewer v. State of Iowa, 19 F.3d 1248, 1251 (8th Cir. 1994) (where defense unavailable under state law, counsel not inadequate in failing to assert defense).

We grant Howard's motion to amend his opening brief, and we summarily affirm the denial of Howard's habeas petition under 8th Cir. R. 47B.

_____