**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 29, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ABRAHAM HAGOS,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director,
Colorado Department of Corrections;
JAMES FALK, Warden, Sterling
Correctional Facility; CYNTHIA H.
COFFMAN, Attorney General of the State
of Colorado,[*]

     Respondents - Appellees.

No. 14-1497

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:13-CV-02375-RPM)**
_____

Jonathan D. Reppucci, Reppucci Law Firm, P.C., Denver, Colorado, appearing for
Appellant.

John J. Fuerst III, Senior Assistant Attorney General, Criminal Appeals Section (Cynthia
H. Coffman, Attorney General, with him on the briefs), Office of the Attorney General
for the State of Colorado, Denver, Colorado, appearing for Appellees.
_____

Before **HOLMES**, **BALDOCK**, and **MATHESON**, Circuit Judges.
_____

[*] Pursuant to Fed. R. App. P. 43(c)(2), John W. Suthers is replaced by Cynthia H.
Coffman as Attorney General of the State of Colorado.

**MATHESON**, Circuit Judge.

_____

Abraham Hagos is incarcerated in Colorado State prison for multiple convictions from two prosecutions. In the first case, he was convicted of first-degree murder, attempted first-degree murder, conspiracy to commit first-degree murder, and two counts of retaliation against a witness. In the second, he was convicted of first-degree kidnapping, first-degree burglary, felony menacing, and conspiracy. He is serving two consecutive life sentences, one from each case.

In a separate pending state court proceeding, Mr. Hagos is challenging his murder and related convictions from his first case. In the instant appeal, he seeks federal habeas review under 28 U.S.C. § 2254 of his kidnapping and related convictions from his second case. The district court dismissed his § 2254 application for lack of a case or controversy and granted Mr. Hagos a certificate of appealability ("COA") to appeal this ruling, which he does so here.

## I. BACKGROUND

### A. *Factual Background*

The events leading to Mr. Hagos's incarceration are detailed in the Colorado Supreme Court's ("CSC") decision in *Hagos v. People*, 288 P.3d 116, 117-18 (Colo. 2012), and our decision in *Hagos v. Werholtz*, 548 F. App'x 540, 541-43 (10th Cir. 2013) (unpublished). We do not recount them here because the issues raised in this appeal do not depend on them.

Mr. Hagos was convicted of different crimes in two separate trials. In this opinion, we will refer to one as "the kidnapping case" and the other as "the murder case." This appeal involves our review of the district court's dismissal of Mr. Hagos's § 2254 application challenging his convictions in the kidnapping case.

1. **The Kidnapping Case**

On December 30, 2002, Mr. Hagos was convicted of first-degree kidnapping and other crimes. He was sentenced to life in prison without the possibility of parole.

The Colorado Court of Appeals ("CCA") affirmed his convictions on direct appeal, and the CSC and United States Supreme Court both denied Mr. Hagos's petitions for a writ of certiorari. Mr. Hagos sought state post-conviction relief, which the district court, the CCA, and the CSC denied.

In September 2013, Mr. Hagos filed a § 2254 application, seeking federal habeas review. The district court dismissed the application after concluding it did not satisfy Article III's case or controversy requirement. We review the dismissal here.

2. **The Murder Case**

On April 26, 2002, Mr. Hagos was convicted of first-degree murder. The state court sentenced him to life in prison without the possibility of parole, to run consecutively to the life sentence previously imposed in the kidnapping case. Mr. Hagos is therefore serving two consecutive life sentences without the possibility of parole.

On direct appeal, the CCA affirmed, *People v. Hagos*, 250 P.3d 596 (Colo. App. 2009), and the CSC and United States Supreme Court denied certiorari, *Hagos v. People*,

No. 10SC192, 2010 WL 3529276, at *1 (Colo. Sept. 13, 2010); *Hagos v. Colorado*, 562 U.S. 1297 (2011).

Mr. Hagos sought federal habeas relief in a § 2254 application, which the district court denied. *Hagos v. Clements*, No. 12-cv-00678-REB, 2013 WL 674026, at *1 (D. Colo. Feb. 25, 2013). This court dismissed the matter after denying Mr. Hagos's request for a COA. *Werholtz*, 548 F. App'x at 541. The Supreme Court denied Mr. Hagos's petition for writ of certiorari. *Hagos v. Raemisch*, 135 S. Ct. 340 (2014).

On August 25, 2014, Mr. Hagos moved for post-conviction relief in state court. Mr. Hagos reports this matter remains pending.

### B.  *Procedural Background*

As discussed above, in September 2013, Mr. Hagos filed a § 2254 habeas petition in the kidnapping case. At that time, Mr. Hagos's request for a COA on his § 2254 petition in the murder case was also pending before the Tenth Circuit. *Werholtz*, 548 F. App'x at 541.

1. **The District Court's *Sua Sponte* Order to Show Cause and Mr. Hagos's Response**

The district court *sua sponte* ordered Mr. Hagos to show cause why the § 2254 proceedings in the kidnapping case should not be stayed pending the Tenth Circuit's resolution of Mr. Hagos's § 2254 application in the murder case.

The order included discussion explaining why the district court was issuing it. The court relied on *Peyton v. Rowe*, 391 U.S. 54 (1968), and *Garlotte v. Fordice*, 515 U.S. 39 (1995). In those cases, the Supreme Court interpreted the "in custody"

requirement for habeas relief. The district court in this case interpreted *Peyton* and *Garlotte* to provide that "if immediate release is not granted, the writ must have <u>some</u> effect of shortening the prisoner's time in prison." App. at 206. The court also cited *Mays v. Dinwiddie*, 580 F.3d 1136 (10th Cir. 2009), which held that a prisoner was not "in custody" for purposes of habeas review because his concurrent sentence had expired.

The district court acknowledged Mr. Hagos's case was different from *Peyton*, *Garlotte*, and *Mays* because he is currently serving the kidnapping sentence that he is challenging in the instant § 2254 petition while the prisoners in *Peyton*, *Garlotte*, and *Mays* were not currently serving the sentences they challenged. Nonetheless, the court said, "[e]ven if the Court were to invalidate his kidnapping conviction here, he would still unquestionably remain in custody for the rest of his life, if his murder[] convictions are upheld by the Tenth Circuit and, if it comes to it, by the U.S. Supreme Court." App. at 208.

Relying on an out-of-circuit district court opinion decided more than 40 years ago, *Kelly v. Wingo*, 313 F. Supp. 1059 (W.D. Ky. 1970), the district court concluded that if granting habeas relief in Mr. Hagos's kidnapping case would not reduce the duration of his confinement or effect his immediate release, the habeas petition would not satisfy Article III's case or controversy requirement.[1]

---

[1] By staying Mr. Hagos's § 2254 petition in his kidnapping case while he sought Tenth Circuit and Supreme Court review in his § 2254 murder case, the district court implicitly recognized a case or controversy existed while the federal matter remained pending. The court did not explain why the pending state post-conviction relief is not similarly sufficient to maintain a case or controversy.

Having provided the foregoing analysis, the district court ordered Mr. Hagos to show cause why it should not stay the § 2254 proceedings pending the outcome of his habeas challenge to the murder conviction.

In response, Mr. Hagos opposed a stay and argued he is "in custody" for purposes of habeas review under *Peyton* and *Garlotte*. He said the district court's reliance on *Kelly* was misplaced because *Peyton* and *Garlotte* showed *Kelly*'s reasoning was flawed. He also asserted his habeas petition met the case or controversy requirement because he could still challenge his murder conviction in state court. It was therefore premature to conclude he would remain in custody for the rest of his life even if the court granted habeas relief on his kidnapping conviction. He further argued habeas relief could reduce his custody level status in state prison.

2. **The District Court Stays and Dismisses the Case**

The district court, rejecting Mr. Hagos's arguments, stayed the case in November 2013. In December 2013, the Tenth Circuit denied Mr. Hagos's request for a COA in the § 2254 murder case proceeding. Mr. Hagos petitioned the U.S. Supreme Court for certiorari, which it denied in October 2014.

In light of these developments, in November 2014 the district court dismissed Mr. Hagos's § 2254 petition in the kidnapping case for the reasons explained in its stay order. The court acknowledged Mr. Hagos had filed a new post-conviction relief petition in his murder case in state court, but concluded dismissal was nonetheless warranted because "[i]f he is granted postconviction relief in that case, he could file a new habeas

Application [in federal court]." App. at 290. The court further concluded its dismissal ruling was debatable and granted a COA.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Lockett v. Trammel*, 711 F.3d 1218, 1230 (10th Cir. 2013). We review de novo whether Mr. Hagos was "in custody" and whether his § 2254 petition presents a case or controversy. *See Mays*, 580 F.3d at 1138; *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).

## II. **DISCUSSION**

We reverse the district court's order dismissing Mr. Hagos's § 2254 petition because (1) he is "in custody" for his kidnapping conviction for purposes of habeas review,[2] and (2) an Article III case or controversy exists to permit the district court's review of his § 2254 petition.

### A. *Mr. Hagos Is "In Custody" for His Kidnapping Conviction*

Mr. Hagos's life sentence for murder is set to run consecutively to his life sentence for kidnapping. He satisfies the "in custody" requirement.

Under 28 U.S.C. § 2254(a), federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

---

[2] The district court relied on cases interpreting the "in custody" requirement in reaching its conclusion that Mr. Hagos's § 2254 petition lacked a case or controversy. For clarity and completeness, we discuss the "in custody" requirement.

In *Peyton*, the Supreme Court reviewed two habeas petitions filed by prisoners serving consecutive sentences. The prisoners both sought habeas relief, not for the sentences they were serving, but for the sentences set to run consecutively to their present sentences. *Peyton*, 391 U.S. at 55-57. Reversing *McNally v. Hill*, 293 U.S. 131 (1934), the Court held the prisoners satisfied the "in custody" requirement even though they were challenging their future consecutive sentences. *Peyton*, 391 U.S. at 55, 67. The *Peyton* Court rejected *McNally*'s reliance on the premise that habeas corpus had historically been limited to cases where a favorable result for the prisoner would "result[] in his immediate release." *Id.* at 65-66 (quotation omitted); *see also Walker v. Wainwright*, 390 U.S. 335, 336-37 (1968) (per curiam) (questioning *McNally*, holding a prisoner can challenge the sentence he is currently serving even though he faces a consecutive sentence once the sentence is served, and explaining, "[i]t is immaterial that another prison term might still await him even if he should successfully establish the unconstitutionality of his present imprisonment").

*Garlotte* presented the Supreme Court with "*Peyton*'s complement, or *Peyton* in reverse." 515 U.S. at 41. Mr. Garlotte was serving consecutive sentences and sought habeas relief for only his first conviction. *Id.* He had already served the full term of the challenged sentence, but it continued to affect his eligibility for parole. *Id.* The Court extended *Peyton*'s view that a prisoner's consecutive sentences compose a "continuous stream," *id.*, and the prisoner remains in custody for purposes of habeas review until all of the sentences are served, *id.* at 43.

Mr. Hagos's kidnapping and murder convictions were imposed consecutively and form a continuous stream. Under *Peyton* and *Garlotte*, Mr. Hagos is therefore in custody to seek habeas relief for any of the sentences forming that continuous stream. He "remains 'in custody' under all of his sentences until all are served." *Id.* at 41.

The district court's reliance on *Mays v. Dinwiddie* is misplaced. Mr. Mays sought habeas relief for an expired sentence he had served concurrently with other sentences. 580 F.3d at 1137-38. This court declined to extend *Peyton*'s and *Garlotte*'s continuous-stream principle to Mr. Mays's expired concurrent sentence. *Id.* at 1140-41. We concluded Mr. Mays was not in custody on the concurrent sentence once it expired. *Id.* *Mays* is limited to expired concurrent sentences and is inapplicable to Mr. Hagos's non-expired consecutive sentence.

B. ***Mr. Hagos's Habeas Petition Satisfies the Article III Case or Controversy Requirement***

Mr. Hagos is incarcerated based on the conviction he seeks to challenge in the instant § 2254 petition. Such challenges satisfy Article III's case or controversy requirement.[3]

1. **Precedent Supports Justiciability**

---

[3] It is unclear whether the district court considered the case or controversy defect to be a lack of standing or mootness. The doctrines are similar. "Mootness usually results when a plaintiff has standing at the beginning of a case, but, due to intervening events, loses one of the elements of standing during litigation; thus, courts have sometimes described mootness as 'the doctrine of standing set in a time frame.'" *WildEarth Guardians v. Pub. Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)).

The United States Constitution limits federal jurisdiction to "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2, cl. 1. To satisfy Article III's case or controversy requirement, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quotation omitted). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

"[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57 (1968). The Supreme Court relied on *Sibron* for this principle when reviewing a habeas petition in *Spencer v. Kemna*, 523 U.S. 1, 8 (1998). *Sibron* also recognized that it is an "obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." 392 U.S. at 55. It therefore follows, as the Court said in *Spencer*, that "[a]n incarcerated convict's (or a parolee's) [habeas] challenge to the validity of his conviction *always* satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." 523 U.S. at 7 (emphasis added); *accord* 13C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3533.4.1, at 168-69 (3d ed. 2008) ("There is no problem with mootness if the [habeas] petitioner remains confined by command of the conviction addressed by the petition."); Brian R. Means, Postconviction Remedies § 8:4 (2015) ("A challenge to a conviction by

- 10 -

an individual presently incarcerated or otherwise in custody—including parole, supervised release, or probation—satisfies the case-or-controversy requirement." (emphasis omitted)).[4]

*Spencer* makes clear that so long as Mr. Hagos's § 2254 petition challenges the conviction for which he is incarcerated, he satisfies the case or controversy requirement. Because he is incarcerated based on the kidnapping conviction he seeks to challenge, his § 2254 petition involves a case or controversy.

The Eighth Circuit's decision in *Brewer v. Iowa*, 19 F.3d 1248 (8th Cir. 1994), is on point and instructive. Mr. Brewer had been sentenced to life in prison for second-degree murder. *Brewer*, 19 F.3d at 1250. While serving that sentence, Mr. Brewer escaped from prison and committed two more murders, was convicted of one of them, and sentenced to a second life sentence. *Id.* He unsuccessfully sought post-conviction relief for each conviction in state court. *Id.* Later, when Mr. Brewer attempted to challenge the initial murder conviction in a § 2254 petition, the State argued, "[Mr.] Brewer's second life sentence . . . moots this action for habeas relief because even if he is successful here, he will still remain incarcerated for life." *Id.* The Eighth Circuit rejected the State's argument and affirmed the district court's conclusion that the action was not

---

[4] The district court drew on "in custody" cases (*Peyton* and *Garlotte*) to assess the existence of a case or controversy. The two inquiries are distinct, *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968), but they "are grounded upon similar policies," Brian R. Means, Postconviction Remedies § 8:2. "[A]s a practical matter it is clear from the cases that restrictions upon liberty sufficient to satisfy the 'custody' requirement in habeas corpus are substantially more severe than the burdens that will prevent questions from becoming moot." Brian R. Means, Postconviction Remedies § 8:2.

moot "because a possibility exists that the challenged conviction, if determined to be invalid, could cause him adverse legal consequences." *Id.* at 1250-51. The court explained, for example, that Mr. Brewer could be precluded from obtaining a commuted sentence if he has two convictions on his record rather than one. *Id.* If he prevailed in challenging one of the sentences via § 2254, he would improve the possibility of a commutation of his other sentence. *Id.*[5]

## 2. **Pending State Post-Conviction Proceedings Support Justiciability**

Mr. Hagos presents an even clearer case or controversy than in *Brewer*. Because his state post-conviction petition remains pending, we cannot be certain that Mr. Hagos would remain incarcerated for life if he succeeds in challenging his kidnapping conviction through federal habeas review. Although success on either claim might be remote, the Supreme Court "accept[s] the most generalized and hypothetical of

---

[5] At oral argument Mr. Hagos's counsel stated,

> even if Mr. Hagos [does not successfully challenge his convictions in the murder case], he does have an opportunity to petition the Governor of Colorado for clemency or a pardon, and . . . however unlikely [it] might be that he'd ever be granted a pardon, it's certainly a lot more unlikely that he'd be granted a pardon if he had two life sentences than one.

Oral Arg. at 18:18-18:41. He did not raise this argument in his briefing. Although we typically do not consider issues raised for the first time at oral argument, *see Frost v. Pryor*, 749 F.3d 1212, 1226 n.9 (10th Cir. 2014), we "have a continuing obligation to assure ourselves that appellate jurisdiction exists," *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1043 (10th Cir. 2005). We need not rely on this point, however, because as discussed more fully below, Mr. Hagos properly identified other adverse legal consequences stemming from his kidnapping conviction. We nonetheless note that under the Eighth Circuit's decision, Mr. Hagos's reduced likelihood of obtaining a commuted sentence would be sufficient to satisfy the case or controversy requirement.

- 12 -

consequences as sufficient to avoid mootness in [habeas] challenges to [a] conviction." *Spencer*, 523 U.S. at 10.

3. **Adverse Legal Consequences of Conviction Support Justiciability**

The district court thought Mr. Hagos's two consecutive life sentences made his attempt to challenge one of the convictions not redressable, and therefore non-justiciable. But the court erred in concluding Mr. Hagos's challenge to his *conviction* does not present an Article III case or controversy because his *sentence* is not redressable. *See Sciberras v. United States*, 404 F.2d 247, 248-49 (10th Cir. 1968) (reversing district court's dismissal of a 28 U.S.C. § 2255 petition where prisoner challenged only one of two concurrent 5-year sentences). The district court's view of redressability is too narrow. Mr. Hagos's challenge is redressable even if it would not hasten his release from prison because his conviction could have adverse legal consequences.

Section 2254 habeas relief on Mr. Hagos's kidnapping conviction could affect his custody level in prison. The State argues Mr. Hagos's offender classification will never fall below level III or a level III facility based on his murder conviction. But the State misses the point. If Mr. Hagos succeeds in challenging his kidnapping conviction, it would not be available to enhance Mr. Hagos's custody above level III. The custody levels in the Colorado prison system range from I to V.

Colorado Department of Corrections Regulation Number 600-01 explains the Colorado prison system has five security levels. "The DOC utilizes an objective rating process to balance the assignment of offenders at the lowest custody level consistent with an objective assessment of public risk, the safety of DOC employees/contract workers

and other offenders, the security needs of the offender, and the programmatic needs of the offender."  Aplt. Br., Attach. 5 at 4.

At oral argument, the State conceded Mr. Hagos's convictions in the kidnapping case could be relevant to his restraint level.  Oral Arg. at 20:00-20:52.  Although Mr. Hagos is certain to be classified as no less than a level III prisoner based on his convictions from the murder case, he could be classified more restrictively as a level IV or V prisoner based in part on his convictions from the kidnapping case.

The State also conceded at oral argument that Mr. Hagos's kidnapping conviction could affect his eligibility for prison programs, such as work within the prison and education programs.  *Id.* at 21:12-21:28.

\* \* \* \*

In sum, Mr. Hagos's § 2254 petition presents a case or controversy.  First, precedent—*Sibron*, *Spencer*, and *Brewer*—strongly supports that Mr. Hagos's habeas challenge to his kidnapping conviction qualifies for Article III jurisdiction.  Second, Mr. Hagos's pending state post-conviction proceeding in the murder case makes the § 2254 application in the kidnapping case a live, redressable claim.  Third, the adverse legal consequences of the kidnapping conviction on such matters as custody status and eligibility for prison programs show that Mr. Hagos's § 2254 application satisfies the standing and mootness elements of justiciability.[6]

---

[6] As noted above, the district court relied on the Western District of Kentucky's 1970 decision in *Kelly v. Wingo*, 313 F. Supp. 1059 (W.D. Ky. 1970).  Other than the district court in this case, we have not found a single judicial opinion citing to *Kelly* for

Continued . . .

### III. **CONCLUSION**

We reverse and remand for consideration of Mr. Hagos's § 2254 petition.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

---

any proposition.  A 45-year-old out-of-circuit district court opinion, *Kelly* is inconsistent with Supreme Court precedent cited in this opinion and its reasoning is otherwise unpersuasive.