**Robert Emanuel SCIBERRAS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 9876.**

United States Court of Appeals
Tenth Circuit.

Dec. 12, 1968.

---

Paul H. Humann, Wichita, Kan., for appellant.

LeRoy V. Amen, Asst. U. S. Atty., District of Wyoming (Robert N. Chaffin, U. S. Atty., with him on the brief), for appellee.

Before PICKETT, HICKEY and HOLLOWAY, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, Sciberras, incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania, brought this action pursuant to 28 U.S.C. § 2255 attacking the validity of one of two concurrent and coterminous sentences he received in the United States District Court for the District of Wyoming. He appeals from an order of that court dismissing the motion without a hearing.

Sciberras was tried and found guilty of a Dyer Act charge and received concurrent five-year sentences for that violation and for the violation of illegally possessing a selective service certificate of another, to which latter charge he had plead guilty. The validity of the judgment entered on the plea of guilty is not questioned. The contentions urged in the motion relate to the adequacy of representation by appointed counsel, who also represented three co-defendants

at the trial.[1] It is alleged that a conflict of interest between Sciberras and his co-defendants deprived him of adequate representation.

In denying the motion, the district court applied the then well-settled rule that habeas corpus will not be available unless the prisoner is entitled to his immediate release. Baca v. United States, 10 Cir., 383 F.2d 154, cert. denied, 390 U.S. 929, 88 S.Ct. 868, 19 L.Ed. 2d 994; Crawford v. Taylor, 10 Cir., 290 F.2d 197, and cases cited therein. Sciberras, if successful, would not be entitled to immediate release because he would still be imprisoned under the unattacked concurrent sentence.

■ The Supreme Court specifically overruled the progenitors of this rule, Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963; McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, during the most recent term. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426; Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215. As a result of the Court's departure from the former standard, "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of Section 2241 (c) (3)." Peyton v. Rowe, supra. And due to the disabilities attendant upon conviction, a movant who has served his sentence may pursue a habeas corpus petition initiated while still in custody. Carafas v. LaVallee, supra. This court has applied these principles in a Section 2255 case involving consecutive sentences and found no basis for distinguishing between habeas corpus and Section 2255 motions. Crow v. United States, 10 Cir., 397 F.2d 284.

■ We are unable to conceive any compelling reason, nor has any been presented, which would indicate that the newly announced principles should not be applied where a prisoner attacks only one of two or more concurrent and co-terminous sentences even though he would not be entitled to immediate release if successful. The delay, referred to by the Supreme Court, Peyton v. Rowe, supra, in the determination of grievances consequent upon an application of the McNally rule, though not amounting to decades in this instance, exists and imperils the ultimate vindication of protected rights. Failure to apply the recent decisions would mean that the movant "could not challenge the * * * sentence until after he had served it." This result was condemned in Walker v. Wainwright, supra, where it was said that "it is immaterial that another prison term might still await him even though he should successfully establish the unconstitutionality of his present imprisonment."

■■ In *Peyton*, the Supreme Court affirmed a reversal of a Fourth Circuit[2] order dismissing a habeas corpus petition based upon the McNally rationale. The Supreme Court noted its agreement with earlier decisions of the Fourth Circuit in which the McNally rule was not followed. Williams v. Peyton, 372 F.2d 216; Martin v. Commonwealth of Virginia, 349 F.2d 781. In those cases the Fourth Circuit concluded in light of recent Supreme Court decisions[3] that the Supreme Court would refuse to follow McNally when the sentences under attack had an adverse present effect upon the prisoner's eligibility for parole. This premise applies to future effects on parole eligibility as well. 18 U.S.C. § 4208(c); Holland v. United States, 5 Cir., 384 F.2d 370; United States v. Machibroda, 6 Cir., 338 F.2d 947; Green v. United States, 1 Cir., 274 F.2d 59, aff'd, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670; Hibdon v. United States, 6 Cir., 204 F.2d 834. Furthermore, because subsequent convictions may carry

---

1. The issues raised by the motion were not brought to the attention of this court during movant's direct appeal, where both sentences were upheld. Sciberras v. United States, 10 Cir., 380 F.2d 732.

2. Rowe v. Peyton, 383 F.2d 709.

3. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285.

heavier penalties, Sciberras has a substantial interest in removing one of these convictions from his record. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

 Although the district court held that § 2255 relief was not available, it undertook to decide the case on its merits without a hearing. In substance, Sciberras alleges that he was entitled to separate counsel because of a conflict of interest between his rights and those of co-defendants; that counsel refused to permit him to take the stand because his testimony would be detrimental to the three co-defendants. More succinctly stated, the allegations are that Sciberras was sacrificed at the trial to save the co-defendants. Attached to the U. S. Attorney's response to the motion was an affidavit of the trial counsel refuting these allegations. It has been held that an ex parte affidavit may assist in formulating issues of fact, but may not alone be used to decide ex parte, disputed questions of material fact. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Anderson v. Johnson, 6 Cir., 371 F.2d 84, see 390 U.S. 456, 88 S.Ct. 1194, 20 L.Ed.2d 27; Copenhaver v. Bennett, 8 Cir., 355 F.2d 417, cert. denied 368 U.S. 806, 82 S.Ct. 117, 7 L.Ed.2d 66.

Sciberras' factual allegations were sufficient to require a hearing on the issue of conflict of interest and adequacy of counsel. Frand v. United States, 10 Cir., 289 F.2d 693, and see Tucker v. United States, 9 Cir., 235 F.2d 238. His motion did not merely state "bald conclusions unsupported by allegations of fact." Martinez v. United States, 10 Cir., 344 F.2d 325–326. Although we think the allegations may ultimately prove to be groundless, they are sufficient to establish an issue of fact as to the validity of the sentence, and Sciberras is entitled to test them in a hearing, as the record and the files do not conclusively show that the prisoner is entitled to no relief. In remanding we do not intimate that his presence is necessary at the hearing. Section 2255 contemplates that in proper cases, such motions may be determined in the absence of the prisoner. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed. 2d 473; cf. Walker v. Johnston, supra. Section 2246 provides methods by which adequate evidence may be obtained to resolve the factual issues.

Reversed and remanded for further proceedings in accordance with this opinion.