**Larry RHODUS, Appellant,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.**

**No. 9985.**

United States Court of Appeals
Tenth Circuit.

Dec. 12, 1968.

Gerald E. Wells, Wichita, Kan., for appellant.

George E. DeRoos, Asst. Atty. Gen., State of Colorado (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., with him on the brief) for appellee.

Before PICKETT, HICKEY and HOLLOWAY, Circuit Judges.

PICKETT, Circuit Judge.

Appellant, Rhodus, is presently serving two concurrent sentences in the Colorado State Penitentiary. He was convicted in the Adams County, Colorado District Court for burglary, larceny, and conspiracy to commit both offenses. He received consecutive sentences for these offenses totaling thirteen years. In the same year he was convicted of forgery in Denver County and was sentenced to a term of not less than ten, nor more than twelve years, this sentence to run concurrently with the Adams County sentence. Petitioner's convictions were affirmed in Rhodus v. People, 158 Colo. 264, 406 P.2d 679, and Rhodus v. People, 160 Colo. 407, 418 P.2d 42.

This habeas corpus petition filed in the United States District Court for the District of Colorado attacks only the latter sentence, and petitioner would not be entitled to immediate release if relief were granted. Relying on the rule of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, that habeas corpus relief was available only when the prisoner was entitled to immediate release, the petition was dismissed.

■ This appeal is limited to a consideration of the effect of Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L. Ed.2d 426, and Walker v. Wainwright, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215, on our application of *McNally* in such cases as Roberts v. Crouse, 10 Cir., 350 F.2d 299; Browning v. Crouse, 10 Cir., 327 F.2d 529. The *McNally* case was specifically overruled. In the *Peyton* case the court concluded "that the decision in that case was compelled neither by statute nor by history and that today it represents an indefensible barrier to prompt adjudication of constitutional claims in federal courts." The failure to allege and establish the right to immediate release as applied in *McNally* and like cases is no longer a basis for denial of relief to one seeking an adjudication of the validity of his detention on constitutional grounds. In addition to the reasons set forth in a companion case, Sciberras v. United States, 10 Cir., 404 F.2d 247, it appears because of the delays inherent in the court system, alluded to by the Supreme Court, Peyton v. Rowe, supra, Rhodus would unnecessarily be confined an extra year after completion of the Denver sentence while attacking the Adams County conviction.

■ We hold therefore that Rhodus is "in custody" for the purposes of 28 U.S.C. § 2241(c) (3).

The order of dismissal is set aside and the case is remanded for further proceedings consistent herewith.