977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Autry L. CLARK, Petitioner-Appellant,
v.
Harry K. RUSSELL, Supt., Respondent-Appellee.
 No. 92-3097.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Autry L. Clark is a pro se Ohio prisoner who appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 On May 8, 1989, Clark was sentenced to imprisonment for eighteen months following his guilty plea to one count of abusing cocaine. Clark raised three claims in his petition: 1) that his guilty plea was invalid; 2) that his conviction resulted from an illegal search and seizure; and 3) that his trial counsel was ineffective. On January 10, 1992, the district court dismissed the petition under Rule 4 of the Rules Governing Section 2254 Cases. It is from this judgment that Clark now appeals.
 
 
 4
 Dismissal under Rule 4 is appropriate when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. The district court dismissed the petition because it found that Clark had not exhausted his state court remedies, as required by 28 U.S.C. § 2254(b). Upon review, we find that dismissal of the petition was appropriate on other grounds. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 5
 Clark concedes that he had completely served the disputed sentence before his petition was filed. His federal petition was not filed until November 14, 1991, more than two years after that sentence was imposed. Therefore, it is clear that the district court lacked jurisdiction in this case because Clark did not meet the custody requirement of § 2254(a) when his petition was filed. See Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam).
 
 
 6
 Clark argues that the disputed conviction may affect his opportunity for parole on other sentences. However, the mere possibility of collateral consequences will not vest the district court with jurisdiction if the custody requirement is not met when the petition is filed. See Sevier v. Turner, 742 F.2d 262, 268-69 (6th Cir.1984). In addition, we note that the sentence challenged in Clark's petition was concurrent to his other sentences. Thus, the credit that Clark receives for those sentences is not affected by the conviction that is disputed here. Clark's petition is simply not cognizable under § 2254 because it was filed after his sentence had fully expired. See Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.1990).
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation