

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-3-2006

# Ridley v. Smith

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4273

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ridley v. Smith" (2006). *2006 Decisions*. Paper 1161.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1161

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4273
_____

DAREN E. RIDLEY,
Appellant

v.

JOSEPH V. SMITH, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 04-cv-01854)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2006

Before: ROTH, RENDELL and AMBRO, Circuit Judges.

(Filed: May 3, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

    In 1994, Daren Ridley pled guilty in the United States District Court for the

Southern District of Indiana to conspiracy to possess with intent to distribute cocaine

base.  Ridley was sentenced to a term of 390 months imprisonment, to be followed by a

five year period of supervised release, and was ordered to pay a fine of $ 25,000, without interest, pursuant to the Victim and Witness Protection Act ("VWPA"). In its judgment and commitment order, the sentencing court did not require immediate payment of the fine or provide a schedule of installments. Instead, the sentencing court ordered Ridley's fine to be paid "in installments . . . through the Bureau of Prisons' Inmate Financial Responsibility Program ["IFRC"] with the balance paid on supervised release in monthly installments of not less than $ 50.00."

On August 8, 2004, Ridley filed the underlying petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. In his petition, Ridley argued that it is the duty of the sentencing court to designate the timing and amount of installment payments on all fines where immediate payment is not required and requested that he be removed from his IFRC payment plan until such time as he is resentenced. The respondent filed an answer asserting that Ridley's § 2241 petition should be dismissed for failure to exhaust administrative remedies. By order entered October 25, 2004, the District Court concluded that Ridley's claim was an attack upon the terms of the 1994 sentencing order insofar as it failed to set a payment schedule for the $ 25,000 fine. Because the District Court viewed Ridley's claim as an attack upon the terms of his sentence, it determined that his remedy lay in a motion filed in the sentencing court under 28 U.S.C. § 2255. Nonetheless, the District Court denied Ridley's petition as time-barred under the one-year statute of limitations set forth in the Anti-Terrorism and

2

Effective Death Penalty Act of 1996.

Ridley filed a timely motion for reconsideration of the October 25, 2004, order, arguing that the District Court erred in construing his petition as a motion filed pursuant to § 2255. By order entered April 25, 2005, the District Court granted in part and denied in part Ridley's motion for reconsideration. Specifically, the District Court maintained that, to the extent that Ridley was attempting to challenge the validity of his sentence, his claim could not be presented in a § 2241 petition. Nonetheless, the District Court concluded that it erred in dismissing Ridley's petition as an untimely filed § 2255 motion. The District Court further determined that, to the extent that Ridley was attempting to challenge the conditions of his confinement, a § 2241 petition was the proper vehicle but that Ridley had failed to exhaust his administrative remedies prior to filing his § 2241 petition. Accordingly, the District Court dismissed Ridley's petition without prejudice, noting that he could file his § 2255 claim in the sentencing court and his § 2241 claim when his administrative remedies were exhausted. This timely appeal followed.

Ridley is challenging the Federal Bureau of Prisons' ("BOP") authority to set the timing and amount of the payments to his fine while he is incarcerated. Ridley contends that because he is attacking only the execution of his sentence, the District Court erred to the extent that it concluded that the proper vehicle for his claim is a § 2255 motion. We agree. Ridley's challenge goes directly to the execution of his sentence. As such, the claim falls squarely within those properly raised in a petition for writ of habeas corpus

3

under § 2241.  See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); see also Mujahid

v. Crabtree, 999 F.Supp. 1398, 1401 (D. Or. 1998), aff'd 172 F.3d 57 (9th Cir. 1999).

Moreover, numerous courts have recognized that "§ 2255's language clearly and

unambiguously limits its applicability to defendants seeking release from custody.  It is

not available to those, like the defendant, who challenge only fines or restitution orders."

United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999) (collecting cases).  Thus,

even if Ridley was challenging the terms of his fine per se (which he is not doing), he

could not raise that claim in the sentencing court through a § 2255 motion.[1]  Barnickel v.

United States, 113 F.3d 704, 706 (7th Cir. 1997) (explaining that § 2255 is not available

to challenge a fine or order of restitution imposed as part of a criminal sentence).  For

these reasons, we conclude that the District Court should have construed Ridley's petition

as one filed solely pursuant to § 2241, and that the District Court erred insofar as it

construed Ridley's petition as a motion filed pursuant to § 2255.

Nevertheless, the District Court's judgment can be affirmed because Ridley failed

to exhaust his administrative remedies prior to filing his § 2241 petition.  A federal

---

[1]  We note that on July 1, 2004, Ridley filed in the sentencing court a motion seeking modification of the terms of his sentence.  In his motion, Ridley argued that the sentencing court improperly delegated to the BOP the authority to designate the timing and amount of payments to his fine.  By order entered July 19, 2004, the District Court for the Southern District of Indiana denied Ridley's motion without prejudice, noting that his "complaint . . . lies with the manner in which the sentence is being executed, which is a proper subject for redress through an action for a writ of habeas corpus in the district in which he is confined."

4

prisoner ordinarily must exhaust his administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241.  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241").  If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either "excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court."  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), *abrogated in part on other grounds by* Reno v. Koray, 515 U.S. 50 (1995); see also Greene v. Meese, 875 F.2d 639, 643 (7th Cir. 1989) (explaining that exhaustion of administrative remedies is not a jurisdictional prerequisite).  It is undisputed that Ridley failed to exhaust his administrative remedies prior to filing his § 2241 petition in the District Court.  Under these circumstances, the District Court did not abuse its discretion in dismissing Ridley's petition for failure to exhaust.  Because the dismissal was without prejudice, Ridley may file a new § 2241 petition now that his administrative remedies appear to be exhausted.

For the foregoing reasons, we will affirm the District Court's April 25, 2005, order.

5