**Jerry Lee MAYS, Petitioner–Appellant,**

v.

**Walter N. DINWIDDIE, Respondent–Appellee.**

**No. 08–5129.**

United States Court of Appeals, Tenth Circuit.

Aug. 26, 2009.

Vicki Mandell–King, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with her on the briefs), Office of the Federal Public Defender for the Districts of Colorado and Wyoming, Denver, CO, for Petitioner–Appellant.

Stephanie D. Jackson, Assistant Attorney General (W.A. Drew Edmondson, Attorney General of Oklahoma, with her on the brief), Oklahoma City, OK, for Respondent–Appellee.

Before HENRY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.

CLAIRE V. HENRY, Chief Judge.

Jerry Lee Mays, an Oklahoma state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. The district court held that the burglary sentence that Mr. Mays sought to challenge had expired and that, as a result, he could not establish that he was "in custody pursuant to the judgment of a State court ... in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Mr. Mays now argues that pursuant to the Supreme Court's decision in *Garlotte v. Fordice,* 515 U.S. 39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995), he may challenge the expired burglary sentence in a § 2254 proceeding because he is still serving other sentences that were imposed concurrently with it.

We disagree. In *Garlotte,* the Supreme Court concluded that "for purposes of habeas relief, *consecutive sentences* should be treated as a continuous series" such that a petitioner "remains 'in custody' under all of his sentences until all are served." 515 U.S. at 41, 115 S.Ct. 1948. In other words, the consecutive sentences constitute "a continuous stream." *Id.* In our view, *Garlotte's* continuous stream is not wide enough to cover a now-expired sentence that was imposed concurrently with sentences that a habeas petitioner continues to serve. We therefore affirm the district court's dismissal of Mr. Mays's petition.

## I. BACKGROUND

On May 23, 2001, Mr. Mays pleaded guilty in the Tulsa County District Court to second-degree burglary. The court sentenced Mr. Mays to ten years' imprisonment, with all but the first five years of that term suspended.

Mr. Mays served part of that sentence and was conditionally released from prison. However, on January 27, 2005, the State of Oklahoma filed an application to revoke the suspended part of his sentence, alleging that Mr. Mays had committed several new crimes-as set forth in a separate criminal case filed in 2004 in Tulsa County. In that case, the state had charged Mr. Mays with two counts of shooting with intent to kill, assault and battery, and possession of a firearm.

In March 2005, the Tulsa County court held a hearing on the State's application to

revoke. At the conclusion of the hearing, the court found that Mr. Mays had violated the terms and conditions of his suspended sentence. The court returned Mr. Mays to the custody of the Oklahoma Department of Corrections to serve the remainder of that sentence.

In April 2005, a Tulsa County jury convicted Mr. Mays on all four of the new charges. The court then sentenced him as follows: (1) forty years for the first charge of shooting with intent to kill; (2) thirty years for possession of a firearm; (3) ninety days for assault and battery; and (4) forty years for the second charge of shooting with intent to kill. The court ordered these four counts to be served consecutively with one another but concurrently with the remaining sentence on the burglary charge.

On January 25, 2007, Mr. Mays fully discharged the sentence in the burglary case—completing the part of that sentence that had previously been suspended. Mr. Mays continues to serve the sentences arising out of the four April 2005 convictions.

On October 17, 2007, after the state court denied his post-conviction motion, Mr. Mays filed the instant 28 U.S.C. § 2254 petition in the federal district court. He alleged that he had received ineffective assistance of counsel in the proceedings involving the revocation of his suspended sentence.

The state filed a motion to dismiss the federal habeas petition, arguing that Mr. Mays was no longer in custody for the burglary conviction. The district court agreed, holding that even though Mr. Mays was still serving the four sentences imposed in April 2005, his burglary sentence had been discharged. The court rejected Mr. Mays's argument that the Supreme Court's decision in *Garlotte v. Fordice,* 515 U.S. 39, 115 S.Ct. 1948, 132 L.Ed.2d 36 (1995) allowed him to challenge an expired sentence in a habeas proceeding. "Unlike *Garlotte,*" the district court stated, "the Judgment entered in Petitioner's two cases [*i.e.,* the burglary case and the case resulting in the convictions for two counts of shooting with intent to kill, assault and battery, and possession of a firearm] did not reflect that the sentences were to be served consecutively with one another." Rec. doc. 19, at 3 (Dist. Ct. Op. and Order, filed Aug. 1, 2008).

Mr. Mays sought to appeal the district court's ruling, and we granted his application for a certificate of appealability on the following question: "Whether a prisoner who is still serving the longer of two concurrent sentences, but has completed the term of the shorter sentence, is 'in custody' within the meaning of 28 U.S.C. § 2254 for the purpose of raising a constitutional challenge to the conviction underlying the shorter sentence." Order, filed Dec. 16, 2008.

## II. DISCUSSION

■ As in the district court proceedings, Mr. Mays asks this court to apply *Garlotte* to allow him to challenge the revocation of his suspended sentence on the burglary conviction, even though that sentence has been discharged. Because it raises a legal question as to the proper interpretation of the "custody" requirement of 28 U.S.C. § 2254, we examine Mr. Mays's arguments de novo. *See Erlandson v. Northglenn Mun. Ct.,* 528 F.3d 785, 788 (10th Cir.2008). Like the district court, we are not persuaded by Mr. Mays's arguments.

**A. Section 2254(a)'s custody requirement encompasses restraints not shared by the public generally that significantly restrain the petitioner's freedom.**

■ Under § 2254(a), federal courts may grant habeas relief only if a state

prisoner is *"in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added). The custody requirement is jurisdictional. *See Erlandson,* 528 F.3d at 788. It encompasses not only individuals subject to immediate physical imprisonment, but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom. *Lehman v. Lycoming County Children's Servs. Agency,* 458 U.S. 502, 510, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982). The petitioner must satisfy the custody requirement at the time that the habeas action is filed. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998).

A prisoner need not be incarcerated to satisfy the custody requirement. Thus, in *Jones v. Cunningham,* the Supreme Court concluded that a habeas petitioner who had been placed on parole was still "in custody" under an unexpired sentence because of the restraints and conditions set forth in the parole order. 371 U.S. 236, 241–43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). The Court reasoned that despite his release from prison, the petitioner was still required to report regularly to a parole officer, remain in a particular community, residence, and job, and refrain from certain activities. *Id.* at 242, 83 S.Ct. 373. Similarly, suspended or stayed sentences may satisfy the custody requirement; *see, e.g., McVeigh v. Smith,* 872 F.2d 725, 727 (6th Cir.1989); *Sammons v. Rodgers,* 785 F.2d 1343, 1345 (5th Cir.1986) (per curiam); as may commitment to a mental institution, and incarceration as the result of a civil contempt order. *See Duncan v. Walker,* 533 U.S. 167, 176, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). In contrast, "[t]he payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes." *Erlandson,* 528 F.3d at 788 (in-

ternal quotation marks and citation omitted).

**B. A prisoner serving consecutive sentences is "in custody" under any one of them under § 2254.**

When, as here, a habeas petitioner has multiple convictions and sentences, the Supreme Court has developed several principles to determine whether he or she satisfies the custody requirement. "The [Court's] traditional view was that a prisoner could attack only the conviction for which he was in custody and only if success on the habeas claim would lead to immediate release from that custody." *Foster v. Booher,* 296 F.3d 947, 949 (10th Cir.2002). Thus, in *McNally v. Hill,* 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), the Court ruled that a habeas petitioner was not in custody on a sentence that was imposed consecutively to his current sentence because he had not yet begun to serve it.

With regard to consecutive sentences, the Court has abandoned this strict definition of custody. First, in *Peyton v. Rowe,* 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), the Court overruled *McNally,* concluding that a petitioner could challenge a sentence that was imposed consecutively to his current sentence but which he had not yet begun to serve. The Court explained that "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes [of the federal habeas statutes]." *Id.* It reasoned that requiring habeas petitioners to postpone their challenges until they began serving the future sentences might create problems of proof. *See id.* at 63 ("It is to the great interest of the Commonwealth and to the prisoner to have these matters determined as soon as possible when there is the greatest likelihood the truth of the matter may be established."). Moreover, if petitioners were

required to wait to bring habeas claims until they started to serve the consecutive sentence and then succeeded on those claims, "each day they are incarcerated under th[e] [corresponding] convictions while their cases are in the courts will be time they might properly have enjoyed as free men." *Id.* at 64, 88 S.Ct. 1549.

In *Garlotte*, the Court decided *"Peyton*'s complement, or *Peyton* in reverse." *Garlotte*, 515 U.S. at 41, 115 S.Ct. 1948. There, the habeas petitioner attempted to challenge the conviction underlying a sentence that he had completed but that was the first in a series of consecutive sentences that he was still serving. *Id.* The Supreme Court "[f]ollow[ed] *Peyton*" and did "not disaggregate [the petitioner's] sentences, but comprehend[ed] them as composing a continuous stream." *Id.* The Court "therefore [held] that [the petitioner] remain[ed] 'in custody' under all of his sentences until all are served, and now may attack the conviction underlying the sentence scheduled to run first in the series." *Id.* It refused to "adopt a different construction" of the habeas statute's jurisdictional requirements "simply because the sentence imposed under the challenged conviction lies in the past rather than in the future." *Id.* at 46, 115 S.Ct. 1948; *see also McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir.2009) (discussing *Garlotte*).

## C. The *Garlotte* rule does not extend to an expired concurrent sentence.

Mr. Mays urges us to apply *Garlotte* to conclude that he has satisfied § 2254(a)'s custody requirement. In his view, because he remains in custody for the April 2005 convictions for shooting with intent to kill, assault and battery, and possession of a firearm, he may still challenge the fully discharged burglary sentence in this habeas action. We do not agree.

Most importantly, Mr. Mays has not cited, nor have we found, any decision that has applied "the continuous stream" theory of *Peyton* and *Garlotte* to an expired concurrent sentence.[1] In those two cases, the Supreme Court expressly applied its holdings to consecutive sentences. *See Garlotte*, 515 U.S. at 47, 115 S.Ct. 1948 (stating that "under *Peyton*, we view consecutive sentences in the aggregate, not as discrete segments"); *Foster*, 296 F.3d at 949 (explaining that "[t]he Supreme Court abandoned this strict definition of 'in custody' *in the context of consecutive sentences* ") (emphasis added).

Mr. Mays points to the Court's observation in *Peyton* and *Garlotte* that a successful habeas challenge to a consecutive sentence (whether expired or impending) would shorten the petitioner's aggregate term of incarceration, and he suggests that the same is true here. He maintains that if he is successful in this habeas action, "the State of Oklahoma should credit [the time he wrongfully served on the burglary conviction]. Aplt's Br. at 12–13." However, in support of that contention, he cites a Department of Corrections policy that applies to consecutive sentences, not concurrent ones. *See* Aplt's Br. at 17 Attach. 3 (DOC Manual Op–060211(VII)(D)(2), which states that "[w]hen an inmate serving *con-*

---

1. In fact, in unpublished decisions, a considerable number of courts have concluded that a habeas petitioner may *not* challenge an expired sentenced that was imposed concurrently with sentences that he or she continues to serve. *See Clark v. Russell*, No. 92–3097, 1992 WL 259355, at *1 (6th Cir. Oct.5, 1992); *Siarkiewicz v. McNeil*, No. 4:07–cv383, 2009 WL 399430, at *10 (N.D.Fla. Feb.18, 2009);

*Gonzales v. Outlaw*, No. 2:08CV00035, 2008 WL 4911255, at *3 (E.D.Ark. Nov. 13, 2008); *Alegria v. Quarterman*, No. 4:07–CV–130–Y, 2008 WL 440306, at *3 (N.D.Tex. Feb.19, 2008); *Eller v. Bock*, No. 00–10095–BC, 2003 WL 87417, at *5 (E.D.Mich. Jan.7, 2003); *Dodge v. Superintendent, Merrimack County House of Corr.*, No. 00–309–M, 2001 WL 1570944, at *2 (D.N.H. Oct.31, 2001).

*secutive sentences* on several convictions succeeds in having one of the sentences invalidated after it has been fully or partially served, any time served, earned, or lost on the voided sentence will be credited to the remaining sentences") (emphasis added).

More importantly, Mr. Mays's argument is foreclosed by the Supreme Court's decision in *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). There, the Court considered a federal prisoner's habeas challenge to a sentence like the one at issue here—an expired state court sentence. The expired sentence had been used to enhance both the petitioner's current federal sentence and another state sentence that was to begin after the federal term was completed.

The *Maleng* Court held that a habeas petitioner does not remain " 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." 490 U.S. at 492, 109 S.Ct. 1923. It explained that while it had "very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction." *Id.*

Here, Mr. Mays concedes that the expired burglary sentence was *not* used to enhance the sentences that he is currently serving. *See* Aplt's Br. at 10 n. 2 ("Mr. Mays makes no claim that his 2005 sentences were enhanced by the 2001 burglary conviction."). Thus, like the petitioner in *Maleng*, Mr. Mays suffers "no present restraint from [the burglary] conviction." 490 U.S. at 492, 109 S.Ct. 1923. He therefore cannot establish that he is in custody on that conviction.

## D. This court's decisions in *Rhodus* and *Sciberras* do not support Mr. Mays's argument:

Finally, Mr. Mays invokes two of our decisions that applied *Peyton* to conclude that the habeas petitioner challenging a concurrent sentence had satisfied the custody requirement: *Rhodus v. Patterson*, 404 F.2d 890, 891 (10th Cir.1968) and *Sciberras v. United States*, 404 F.2d 247 (10th Cir.1968). In *Rhodus*, the petitioner attacked the longer of two concurrent sentences. We held that he satisfied the custody requirement of § 2254 even though a successful habeas challenge to the longer sentence would not result in his immediate release. *See* 404 F.2d at 891 (citing *Peyton* and concluding that "[t]he failure to allege and establish the right to immediate release ... is no longer a basis for denial of relief to one seeking an adjudication of the validity of his detention on constitutional grounds"). In *Sciberras*, the petitioner challenged one of two coterminous concurrent sentences, and we reached the same conclusion. *See* 404 F.2d at 249 (stating that "[w]e are unable to conceive any compelling reason, nor has any been presented, which would indicate that the newly announced principles [in *Peyton* and related cases] should not be applied where a prisoner attacks only one of two or more concurrent and coterminous sentences even though he would not be entitled to immediate release if successful").

*Rhodus* and *Sciberras* do not establish that Mr. Mays has satisfied § 2254(a)'s custody requirement. Neither case involved a challenge to an expired sentence. Thus, unlike Mr. Mays, the petitioners in those cases *did* suffer a "present restraint from [the challenged] conviction." *Maleng*, 490 U.S. at 492, 109 S.Ct. 1923. In other words, the challenged convictions and sentences at issue there still provided grounds (although, because of the unchal-

lenged concurrent sentences, not the sole grounds) for each petitioner's confinement. Moreover, both cases were decided well before the Supreme Court's decision in *Maleng,* which concludes that a petitioner cannot establish the custody requirement in the absence of such a "present restraint." *Id.*

Additionally, some of the reasoning in *Sciberras* is inconsistent with the controlling analysis in *Maleng.* To that extent, that case is no longer precedential. *Compare Maleng,* 490 U.S. at 492, 109 S.Ct. 1923 (rejecting the contention that a petitioner could satisfy the custody requirement "merely because of the possibility that the prior conviction will be used to enhance the sentence for any subsequent crimes of which he is convicted") *with Sciberras,* 404 F.2d at 249–50 (reasoning in part that the petitioner had satisfied the custody requirement in challenging a conviction that, if overturned, would not result in his immediate release "[b]ecause subsequent convictions may carry heavier penalties" and the petitioner had "a substantial interest in removing one of these convictions from his record").

## III. CONCLUSION

Mr. Mays's challenge to an expired sentence does not satisfy the custody requirement of § 2254(a). We therefore AFFIRM the district court's dismissal of his petition.