**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LINDSAY T. HARDING,

     Petitioner - Appellant,

v.

RICHARD F. RAEMISCH,
CYNTHIA COFFMAN, The
Attorney General of the State of
Colorado,

     Respondents - Appellees.

No. 16-1161
(D.C. No. 1:15-CV-02774-LTB)
(D. Colorado)

_____

**ORDER**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Lindsay Harding was convicted of a misdemeanor in Colorado

state court. After completing his sentence for that conviction, he filed a

federal habeas petition. The district court ordered dismissal based on a

---

[*] We do not believe oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

lack of jurisdiction because Mr. Harding was no longer "in custody" when he filed this habeas action.

Mr. Harding now seeks to appeal and to avoid prepayment of the filing fee. We can

- entertain the appeal only if the district court's disposition was reasonably debatable[1] and

- relieve Mr. Harding of prepayment only if he had a good-faith basis to appeal.[2]

Mr. Harding's appeal points are not reasonably debatable, and he has not presented a good-faith basis to appeal. As a result, we dismiss the appeal and deny the request to avoid prepaying the filing fee.

\* \* \*

In a habeas action brought by a state prisoner, the district court has jurisdiction only if the prisoner is "in custody." 28 U.S.C. § 2254(a); *see Mays v. Dinwiddie*, 580 F.3d 1136, 1138-39 (10th Cir. 2009) (stating that the custodial requirement is jurisdictional). A habeas petitioner is no longer "in custody" under a conviction if the sentence has "fully expired." *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

---

[1]     28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[2]     28 U.S.C. § 1915(a)(3); *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

2

In November 2008, Mr. Harding was convicted of the misdemeanor that he challenges in this habeas action. Mr. Harding completed the sentence in May 2010 for this misdemeanor conviction.

In June 2010, Mr. Harding was convicted of multiple felony charges and was sentenced to a lengthy prison term in an unrelated case.

In December 2015, Mr. Harding filed this habeas petition, challenging his November 2008 misdemeanor conviction. But because his sentence had expired in May 2010, Mr. Harding was no longer "in custody" for his misdemeanor conviction. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989).

Mr. Harding could be considered "in custody" if his second sentence had run consecutively with his first sentence. *Garlotte v. Fordice*, 515 U.S. 39, 45-46 (1995). But Mr. Harding's second sentence did not run consecutively with his first sentence; his first sentence expired in May 2010, and his second sentence was not imposed until the following month.

Though Mr. Harding was no longer serving the sentence for the misdemeanor when he sought habeas relief, he insists that he is actually innocent of the charge. But Mr. Harding did not present this argument in district court when ordered to address jurisdiction. As a result, the district court cannot be faulted for failing to consider the claim of actual innocence. *See Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004)

3

(declining to consider an appeal point raised for the first time in a request for a certificate of appealability).

In these circumstances, all reasonable jurists would conclude that the habeas action was properly dismissed for lack of jurisdiction. Accordingly, we (1) decline to issue a certificate of appealability and (2) dismiss the appeal.

In addition, we require Mr. Harding to prepay the filing fee because he has not presented a good-faith basis for the appeal. *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007). Prepayment of the filing fee is required within 21 days of this order.

Entered for the Court


Robert E. Bacharach
Circuit Judge