FILED
United States Court of Appeals
Tenth Circuit

May 25, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VICTORIA DAWN WRIGHT,

     Petitioner - Appellant,

v.

STATE OF COLORADO; ARAPAHOE
COUNTY; CYNTHIA H. COFFMAN,
Attorney General of the State of Colorado,

     Respondents - Appellees.

No. 17-1068
(D.C. No. 1:16-CV-02623-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Victoria Wright filed a petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, challenging (1) a state court conviction for obstructing a peace officer and

(2) a corresponding restitution order.

After Wright filed her petition, a magistrate judge ordered Wright to file an

amended petition or risk dismissal. According to the magistrate judge, Wright's

petition was deficient, in part because she failed to allege facts demonstrating that

she was in custody with respect to the conviction she was challenging. *See Anderson-*

---

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

*Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011) ("To obtain relief under § 2254, the applicant must be 'in custody' under the challenged judgment.").

Although Wright filed a response to the magistrate judge's order, she didn't file an amended petition by the court's deadline. So the district court dismissed the case without prejudice, citing Wright's "fail[ure] to prosecute and file an amended application as directed." R. 72. In doing so, the district court also noted its agreement with the magistrate judge's finding that the petition didn't include sufficient factual allegations to demonstrate that Wright satisfied the in-custody requirement.

Proceeding pro se,[1] Wright now seeks a COA to challenge the district court's dismissal. Because Wright fails to demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," we deny Wright's request for a COA and dismiss the appeal. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Federal courts have jurisdiction to entertain habeas claims only if the petitioner is "'in custody' under the challenged judgment." *Anderson-Bey*, 641 F.3d at 453; *see* § 2254(a). And habeas petitioners must allege facts that show they meet this in-custody requirement. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

---

[1] We liberally construe Wright's pro se filings. But it is not our role to act as her advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

It's clear that Wright was incarcerated when she filed her habeas petition. But the record shows that she was sentenced to time served for her obstruction conviction. Accordingly, that sentence necessarily expired long before Wright filed her petition. Therefore, as the magistrate judge pointed out, there's no indication that Wright's current incarceration "is related to" the conviction she now seeks to challenge. R. 45.

In fact, in her response to the magistrate judge's order, Wright admitted that she wasn't currently incarcerated for the conviction she challenges in her petition. Instead, she pointed out that petitioners may meet the in-custody requirement by showing they're subject to "restraints not shared by the public generally that significantly confine and restrain freedom." *Id.* at 54; *see Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009). But Wright failed to identify any specific "restraints" that she might be subject to as a result of her challenged conviction. And none are apparent from the record.

In short, we find nothing in Wright's petition, the record, or Wright's brief to suggest that she was in custody for the obstruction conviction when she filed her habeas petition. Therefore, we deny Wright's application for a COA and dismiss this

case. As a final matter, we grant Wright's motion to proceed in forma pauperis.

Entered for the Court


Nancy L. Moritz
Circuit Judge