FILED
United States Court of Appeals
Tenth Circuit

February 19, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JASON BROOKS,

     Petitioner - Appellant,

v.

MATTHEW HANSON, Warden of the
Sterling Correctional Facility; PHIL
WEISER, Colorado Attorney General,*

     Respondents - Appellees.

No. 18-1489
(D.C. No. 1:18-CV-02666-LTB)
(D. Colo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY\*\***
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Petitioner Jason Brooks, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability ("COA") to appeal the district court's dismissal of his 28

---

    \* Pursuant to Fed. R. App. P. 43(c)(2), Phil Weiser is substituted for Cynthia
Coffman as the respondent in this case.

    \*\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

U.S.C. § 2241 habeas application. He also seeks to proceed in forma pauperis. We deny a COA, deny his motion to proceed in forma pauperis, and dismiss this matter.

I.

In 2010, Brooks pleaded guilty to four counts of securities fraud. In addition to 32 years' imprisonment, the Colorado state court ordered Brooks to pay $ 5,132,352.46 in restitution. In 2015, a state court clerk informed Brooks that his restitution order was subject to a monthly interest charge under Colo. Rev. Stat. § 18-1.3-603(4). Since receiving that notice, Brooks has filed multiple habeas petitions, including a § 2254 petition challenging the restitution portion of his Colorado state court sentence.

Brooks' current § 2241 petition is no different. He maintains that the state court's application of § 18-1.3-603(4) denied him due process because it is not clear when or how interest attaches to the restitution amount. See Colo. Rev. Stat. § 18-1.3-603(4)(b)(l).

The district court dismissed Brooks' § 2241 habeas application for lack of jurisdiction, concluding that Brooks did not satisfy the statutory requirements to challenge the restitution order. The district court further determined that even liberally construing Brooks' claim as a challenge to his sentence pursuant to 28 U.S.C. § 2254, the district court lacked jurisdiction over a second or successive claim absent this court's approval. Brooks filed a timely motion to reconsider. The district court construed that motion as a motion to alter or amend the judgement

2

under Federal Rule of Civil Procedure 59(e).  The district court denied the Rule 59(e) motion for lack of jurisdiction for the same reason it dismissed Brooks' § 2241 habeas application.

## II.

Habeas corpus relief under 28 U.S.C. § 2241 is only warranted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The "in custody" language of § 2241 is jurisdictional.  See Hensley v. Mun. Court, 411 U.S. 345, 353 n.10 (1973) (explaining that a finding of no custody "would not merely have postponed the exercise of habeas corpus jurisdiction, but have barred it altogether").  Custody "encompasses not only individuals subject to immediate physical imprisonment, but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom."  Mays v. Dinwiddie, 580 F.3d 1136, 1139 (10th Cir. 2009).[1]  An order to pay "restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes."  Id. (citing Erlandson v. Northglenn Mun. Court, 528 F.3d 785, 788 (10th Cir. 2008)).

---

[1] Mays discussed the "in custody" requirements of 28 U.S.C. § 2254.  The Rules Governing Section 2254 Cases, however, may be applied to habeas-corpus actions filed under § 2241.  See Rule 1(b), Rules Governing Section 2254 Cases.

The district court correctly concluded that Brooks is not in custody with respect to his claim challenging the restitution order. Brooks' challenge to the restitution order only affects the amount of restitution owed. His claim has no impact on his obligation to serve the remainder of his sentence. Because Brooks' habeas application challenges the restitution order only, it does not seek to remedy any "severe restraints [to his] individual liberty." Hensley, 411 U.S. at 351; see also Mays, 580 F.3d at 1139 (holding that monetary obligations, without more, are not enough to satisfy the custody requirement of federal habeas statutes). Thus, the district court correctly concluded that it lacked jurisdiction over this action. See also Bailey v. Hill, 599 F.3d 976, 981 (9th Cir. 2010) (concluding that being "in physical custody while attacking [a] restitution order is insufficient to confer jurisdiction" over a habeas petition because "the elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty"); Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009) (holding that an incarcerated prisoner's claim challenging only the calculation of restitution is not a cognizable claim for federal habeas relief).

In his application to this court for a COA, Brooks advances a theory that he did not raise in his initial § 2241 habeas application to the district court.[2] He argues that the Colorado statute is analogous to the Federal Bureau of Prisons ("BOP")

---

[2] Brooks' § 2241 application is not an unauthorized second or successive claim with respect to his previous § 2254 application. See Zayas v. I.N.S., 311 F.3d 247, 256 (3d Cir. 2002) ("[T]he gatekeeping regime of § 2244(b) is inapplicable to a 'second or successive' § 2241 habeas petition."); 28 U.S.C. § 2244(b).

4

Inmate Financial Responsibility Program ("IFRP"). 28 C.F.R. § 545.11. A number of circuits, including ours, have observed that challenges to the IFRP attack the execution of the petitioner's sentence and are properly raised in a § 2241 petition. E.g., Davis v. Wiley, 260 F. App'x 66, 68 (10th Cir. 2008); Ihmoud v. Jett, 272 F. App'x 525, 526 (7th Cir. 2008); Ridley v. Smith, 179 F. App'x 109, 110–11 (3d Cir. 2006). We consider arguments not raised in an initial habeas application and presented initially to the district court forfeited. See United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012). Further, Brooks does not request that we review this argument for plain error. Thus, we deny his request for a COA on this forfeited argument. Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court.").

## III.

No reasonable jurist could debate the district court's dismissal. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, we deny Brooks' application for a COA and dismiss his appeal.

We deny Brooks' request to proceed in forma pauperis.[3]

Entered for the Court


Joel M Carson III
Circuit Judge

---

[3] Given the multiple habeas petitions Brooks filed challenging the restitution order, we conclude that Brooks' appeal lacked good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). Accordingly, we deny his request for in forma pauperis status.