**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1518

_____

UNITED STATES OF AMERICA

v.

JAMES COLE,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2-89-cr-00322-001)
District Judge:  Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2023
Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed: November 13, 2023)

_____

OPINION[*]

_____

PER CURIAM

James Cole is a federal inmate proceeding pro se.  In 1989, he was convicted of

possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

ten months' imprisonment, followed by three years' supervised release. While he was on supervised release, he was charged with, <u>inter alia</u>, engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848. He was convicted of that crime in 1993 and sentenced to life in prison. Meanwhile, the probation office had filed a petition to revoke Cole's supervised release in the § 922(g) case. In 1995, the District Court found that he had violated the terms of his supervised release, revoked his supervised release, and sentenced him to eighteen months' imprisonment. The court ordered the eighteen months to run concurrently with Cole's life sentence in the CCE case.[1]

More than two decades later, in February 2022, Cole filed a petition for a writ of error coram nobis seeking to vacate his § 922(g) conviction on the ground that the Government had not established that he knew he was a felon when he possessed the gun, as now required by <u>Rehaif v. United States</u>, 139 S. Ct. 2191, 2200 (2019). The District Court denied the petition, concluding that Cole was ineligible for coram nobis relief because he was still "in custody" for the disputed § 922(g)(1) conviction. Cole appeals, arguing that he cannot be deemed "in custody" for a concurrent sentence that he completed years ago. Notably, the Government agrees.[2]

We will vacate the District Court's order and remand the matter for further

---

constitute binding precedent.

[1] The District Court did not impose an additional period of supervised release.

[2] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its factual findings for clear error. <u>Ragbir v. United States</u>, 950

proceedings. Coram nobis is available "to attack [federal] convictions with continuing consequences when the petitioner is no longer 'in custody' for purposes of 28 U.S.C. § 2255." United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam) (quoting United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam)). Although a prisoner is deemed to still be in custody for the first in a series of consecutive sentences he is still serving, see Garlotte v. Fordice, 515 U.S. 39, 41 (1995), a prisoner who is serving the longer of two *concurrent* sentences, but who has completed the shorter sentence, is not "in custody" under the shorter sentence, see Mays v. Dinwiddie, 580 F.3d 1136, 1137 (10th Cir. 2009); see generally Maleng v. Cook, 490 U.S. 488, 492–93 (1989) (per curiam) (explaining that a petitioner is not "in custody" for a prior sentence merely because it was used to enhance current sentence); Orie v. Sec'y Pa. Dep't of Corr., 940 F.3d 845, 850 (3d Cir. 2019) (explaining that "[w]e gauge custody for each offense independently").

In this case, Cole is serving a life sentence for the 1993 CCE conviction. The § 922(g)(1)-related sentence ran concurrently with the life sentence and is fully discharged. Therefore, the District Court erred in concluding that "because Mr. Cole is serving a consecutive sentence, he is still deemed to be in custody on the completed sentence." Dist. Ct. Order 2, n.1, ECF No. 69 (quotation marks and alterations omitted).

---

F.3d 54, 60 (3d Cir. 2020).

Accordingly, we will vacate the District Court's order and remand for further proceedings.  We express no opinion as to whether Cole can satisfy the remaining requirements for coram nobis relief.[3]  See generally Ragbir, 950 F.3d at 62.

---

[3] Appellant's motion to withdraw his motion for appointment of counsel is granted and the motion for appointment of counsel is deemed withdrawn.  As a result, his motion to proceed in forma pauperis is denied as unnecessary.  Appellant's "motion to correct any procedural typing error and to file a Rule 28(j) motion" is granted, and we have considered the argument in that filing.  His "motion for panel adjudication" is denied.