**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

—————————————————

ERICK WANJIKU,

     Petitioner - Appellant,

v.

GENTNER F DRUMMOND,

     Respondent - Appellee.

No. 25-5161
(D.C. No. 4:25-CV-00161-SEH-JFJ)
(N.D. Okla.)

—————————————————

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

—————————————————

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.

—————————————————

Erick Wanjiku proceeds pro se to request a certificate of appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition for lack of jurisdiction.[1] He also requests to proceed in forma pauperis (IFP). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny Wanjiku's IFP motion, deny a COA, and dismiss this matter.

———————————————

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Wanjiku proceeds pro se, we liberally construe his arguments, but do not act as his advocate. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023).

## BACKGROUND

On January 5, 2022, an Oklahoma jury convicted Wanjiku for domestic assault and battery by strangulation, in violation of Okla. Stat. tit. 21, § 664(J). The state court sentenced him to three years' imprisonment.

When Wanjiku's state prison term ended in May 2023, the Department of Homeland Security immediately took him into custody and transported him to an Immigration and Customs Enforcement field office in Oklahoma City. At the field office, Wanjiku allegedly did not allow officials to take his fingerprints. An altercation ensued between Wanjiku and an ICE officer, and Wanjiku was later charged and convicted on two counts of assaulting a federal officer. *See generally* 18 U.S.C. § 111(a)(1). On January 17, 2024, he was sentenced to another three years' imprisonment, this time in federal custody.

Wanjiku filed his 28 U.S.C. § 2254 habeas petition on April 7, 2025. In it, he challenged his state conviction for domestic assault and battery by strangulation. The district court dismissed the petition for lack of jurisdiction, reasoning that Wanjiku was not in state custody when he filed. The court also denied a COA. Wanjiku timely appealed.

## DISCUSSION

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Rather, Wanjiku must first obtain a COA. *See*

2

28 U.S.C. § 2253(c)(1)(A). A COA is a jurisdictional prerequisite to appellate review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

We will not grant a COA unless Wanjiku makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Wanjiku's habeas petition on procedural grounds without reaching the merits of his constitutional claims, he must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We can address either requirement and, if one is not met, we need not address the other. *Id.* at 485.

The district court denied Wanjiku's habeas petition for lack of jurisdiction. The court reasoned that Wanjiku was not in state custody when he filed his § 2254 petition, and that the custody requirement is jurisdictional.

On appeal, Wanjiku raises just one issue. He argues that the district court erred in dismissing his habeas petition because, though he is no longer in state custody, it still had jurisdiction and could grant relief under the All Writs Act, 28 U.S.C. § 1651(a).

This argument does not offer reason to doubt whether the district court's procedural ruling was correct. *See Slack*, 529 U.S. at 484. "To obtain relief under § 2254, the applicant must be 'in custody' under the challenged judgment." *Anderson-Bey v. Zavaras*, 641 F.3d 445, 453 (10th Cir. 2011). This

requirement is jurisdictional, *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009), and an applicant must allege facts showing that he meets the requirement, *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

Wanjiku conceded that he does not meet § 2254's custody requirement. That ends the matter.

Still, he contends that the district court should have granted a writ of audita querela under the All Writs Act. He relies on *United States v. Torres*, 282 F.3d 1241 (10th Cir. 2002). In *Torres*, we affirmed a district court's denial of post-conviction relief to a federal prisoner who had filed a "coram nobis and/or audita querela" petition. *Id.* at 1242, 1247. We held that the district court was correct to reclassify Torres's petition as a second federal habeas petition under 28 U.S.C. § 2255. *Id.* at 1245–47.

*Torres* does not help Wanjiku. First, he filed a § 2254 petition, not a petition for a writ of audita querela under the All Writs Act. *Torres* does not suggest that a district court lacking jurisdiction over a § 2254 petition must sua sponte reclassify the petition as a writ of audita querela, or that doing so would maintain jurisdiction. After all, the All Writs Act is not an independent basis for jurisdiction, so reclassifying the petition to seek a writ of audita querela would not give the court jurisdiction. *Hillman v. Webley*, 115 F.3d 1461, 1469 (10th Cir. 1997). Second, "a writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." *Id.* at 1245 n.6 (citation modified). But

4

the alleged errors that Wanjiku raises with his state conviction—"judicial bias, prejudice, and abuse of discretion"—all happened before the state-court judgment became final. Op. Br. at 2.

Thus, the district court did not have jurisdiction, and Wanjiku doesn't show that jurists of reason would debate whether the district court's procedural ruling was correct. *See Slack*, 529 U.S. at 484.

Finally, Wanjiku asks to proceed IFP. To do so, he must show "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (citation modified). Wanjiku does not meet this burden. Though his IFP application shows no assets or income, he presents no nonfrivolous arguments in support of his COA request. So we deny Wanjiku's IFP request.

## CONCLUSION

We deny Wanjiku's request for a COA, deny his IFP Motion, and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5