**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VINCENT E. LOGGINS,

  Petitioner - Appellant,

v.

DR. JOHN DeQUADO,

  Respondent - Appellee.

No. 09-1281
(D.C. No. 09-CV-00904-ZLW)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant Vincent E. Loggins seeks a certificate of appealability

("COA") allowing him to appeal the dismissal of his petition for a writ of habeas

corpus arising under 28 U.S.C. § 2241. The district court dismissed Mr. Loggins'

habeas application without prejudice for failing to clearly assert violations of his

federal constitutional rights. 1 R. Doc. 11. Because we conclude that Mr.

Loggins has not made a substantial showing of the denial of a constitutional right,

we deny a COA and dismiss the appeal.

From the record, it appears Mr. Loggins is an outpatient at the Colorado

Mental Health Institute in Pueblo, Colorado. 1 R. Doc. 7 at 1. In 1991, he was

found not guilty by reason of insanity for a sexual assault crime and was

committed to the Colorado Mental Health Institute. 1 R. Doc. 7 at 3 & attached order, Colorado v. Loggins, Case No. 90CR271 (Fremont County, Colo. Dist. Ct. Oct. 4, 2002). It is unclear from the record whether Mr. Loggins is currently in custody.

Mr. Loggins initiated this action by filing a pro se motion seeking leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a complaint against the Department of Corrections, challenging his confinement and alleging various claims for relief. 1 R. Docs. 1, 3. The magistrate judge apparently concluded that Mr. Loggins was in custody and required him to file an application pursuant to § 2241. 1 R. Doc. 8. On May 5, 2009, Mr. Loggins filed an application for a writ of habeas corpus; however, the application raised claims different from those in the initial complaint, claiming conflicts of interest among his attorney, the prosecutor, and the victim in his state sexual assault trial, and claiming that Mr. Loggins was the victim of sexual assault while in confinement. 1 R. Doc. 7 at 2-3. On May 6, 2009, the magistrate judge denied as moot the motion for leave to proceed in forma pauperis because Mr. Loggins had paid the filing fee, and then ordered Mr. Loggins to file an amended pleading clearly setting forth his claims and factual allegations. 1 R. Doc. 8. Mr. Loggins next filed an amended application, and his claims evolved once more, this time making a stark assertion that he was denied due process. 1 R. Doc. 9 at 3. On June 19, 2009, the district court denied Mr. Loggins' original and amended habeas applications and

dismissed the action without prejudice. The court concluded that Mr. Loggins "fail[ed] to assert clearly any violations of his federal constitutional rights." 1 R. Doc. 11 at 2.

To establish entitlement to a COA, Mr. Loggins must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000). When a district court denies a habeas petition on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 484. When dismissed on procedural grounds, a petitioner must show that jurists of reason would find it debatable (1) whether the district court was correct in its procedural ruling, and (2) whether the petition stated a valid claim of the denial of a constitutional right. Id. Because Mr. Loggins appears pro se, we construe his pleadings liberally. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Upon reviewing Mr. Loggins amended petition, we conclude that he has failed to allege facts upon which a legally sufficient claim can be based. See Hall, 935 F.2d at 1110. His allegations changed each time he filed a new pleading with the court; however, at no point did Mr. Loggins clearly set forth the factual background for his claims or the legal basis upon which he seeks relief. Under the circumstances, the district court's dismissal without prejudice is not

- 3 -

reasonably debatable.

We deny a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge