**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VINCENT E. LOGGINS,

    Petitioner - Appellant,

v.

DR. JOHN DEQUADO; MR. JOHN
SUTHERS, Attorney General of the State
of Colorado,

    Respondents - Appellees.

No. 10-1256

(D. Colo.)
(D.C. No. 1:10-CV-00821-ZLW)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Vincent E. Loggins, a patient in the custody of the Colorado Mental Health Institute, appears pro se[1] seeking to appeal from the dismissal, without prejudice, of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because he has not "made a substantial showing of the denial of a constitutional right," we deny his request for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(2).

---

[1] We liberally construe Loggins' pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

# I.   BACKGROUND

In May 1990, while incarcerated in the Colorado Department of Corrections (CDOC) for sexual assault on a child,[2] Loggins attacked a correctional officer.  He was prosecuted in state court for second degree assault on a peace office but pled not guilty by reason of insanity and was committed to the Colorado Mental Health Institute (CMHI).[3] While committed to the CMHI, his sentence for the sexual assault conviction remained pending.  In 1994, a state trial court granted Loggins' petition for release from the CMHI commitment[4] and ordered his conditional return to the CDOC to finish serving his sexual assault sentence.  The court imposed conditions upon his release,[5] including a requirement that he receive psychiatric treatment from the prison and "apply for and participate in the Sex Offenders Program for the duration of his stay at the Department of Corrections."  (R. Vol. I at 45.)  The order also required his return to the CMHI for further evaluation after completing his criminal sentence.  During his renewed incarceration with CDOC, Loggins was returned to the CMHI for approximately one

---

[2] The assault on a minor occurred on February 22, 1988.  The record is unclear whether Loggins was imprisoned in 1989 or 1990.  The assault on the corrections officer occurred on May 23, 1990.

[3] Colorado law requires: "If the trier of fact finds the defendant not guilty by reason of insanity, the court shall commit the defendant to the custody of the department of human services until such time as he is found eligible for release."  Colo. Rev. Stat. § 16-8-105(4).

[4] In Colorado, "acquittal by reason of insanity supports an inference of continuing mental illness and dangerousness."  *People v. Garlotte*, 958 P.2d 469, 474 (Colo. Ct. App. 1997).  The burden of proving entitlement to release is upon the defendant.  *Id.*

[5] Even if a defendant meets his burden and shows an entitlement to release, a court may nonetheless impose terms and conditions upon release if they are in the best interest of the defendant and the community.  *See* Colo. Rev. Stat. § 16-8-115(3)(a).

month because he wrote a sexually explicit letter to a nurse and exhibited other violent and threatening behavior. Moreover, he enrolled in the Sex Offenders Program only "[d]uring the latter portion of his stay." (R. Vol. I at 92.)

After completing his sexual assault sentence, Loggins was returned to the CMHI on November 21, 1997, for evaluation pursuant to the state court's 1994 order. He was determined to pose a danger to himself and others and has since remained committed with CMHI.[6] While the record is incomplete, it appears his subsequent applications for release from CMHI have been denied and evaluations continue to report threatening and violent behavior and to conclude he is a danger to himself and others. For these reasons, and because it appears Loggins remains in the CMHI pursuant to court order,[7] we conclude he is in custody for purposes of the habeas statute. *See Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir.) (commitment to a mental institution may satisfy habeas corpus "in custody" requirement), *cert. denied*, 130 S. Ct. 1022 (2009)*; see also Parrish v. Colo.*, 78 F.3d 1473, 1474 (10th Cir. 1996) (considering the § 2254 petition of a patient in "the custody of the Colorado Mental Health Institute in Pueblo" under the same

---

[6] Loggins does not challenge the commitment statute under which he remains in the custody of CMHI. *See United States v. Comstock*, 130 S. Ct. 1949, 1955 (2010) (upholding the constitutionality of a federal statute allowing the continued commitment of prisoners that "had engaged in sexually violent conduct or child molestation in the past, and that . . . suffered from a mental illness that made [them] sexually dangerous to others.").

[7] Previously, a panel of this Court denied Loggins a certificate of appealability from the district court's dismissal of a separate habeas corpus petition. In doing so, the panel noted Loggins appeared to be an outpatient at the CMHI. *See Loggins v. DeQuado*, 345 Fed. Appx. 332, 332(10th Cir. 2009) (unpublished). He is, at least now, an inpatient.

regulatory scheme after being found not guilty by reason of insanity).[8]

On April 12, 2010, Loggins filed a pro se complaint which consisted of a Motion and Affidavit for Leave to Proceed *In Forma Pauperis*, 28 U.S.C. § 1915, a notice of change of address, an Application for a 28 U.S.C. § 2241 Writ of Habeas Corpus, and an Application for a 28 U.S.C. § 2254 Writ of Habeas Corpus. His pleadings were referred to a magistrate judge who concluded they were deficient. In doing so, the magistrate explained the deficiencies and directed Loggins to file a single amended pleading clearly stating his claims. The magistrate also directed the clerk of the district court to mail Loggins two copies of the appropriate forms. Additionally, Loggins was required to either pay the filing fee or file a motion seeking leave to proceed *in forma pauperis (ifp)*. The magistrate warned Loggins that failure to cure the deficiencies within thirty days would result in dismissal of his case.

Loggins responded by paying the required fee and filing an amended 28 U.S.C. § 2254 petition for writ of habeas corpus. The amended petition challenged his second degree assault conviction and requested to be "discharged immediately . . . from the judicial & institutional fac[il]ities." (R. Vol. I at 35.) Loggins also attached over one hundred pages of miscellaneous documents which included paperwork concerning the offense, his version of the events leading to his commitment, and multiple psychiatric

---

[8] Notably, Colorado has separate mental health commitment and release procedures for criminal defendants found not guilty by reason of insanity and individuals subject to civil commitment. *See generally People v. Chavez*, 629 P.2d 1040, 1051-54 (Colo. 1981) (rejecting an equal protection challenge to differences between commitment and release procedures).

assessments and mental health evaluations. Nothing in his amended § 2254 application referenced any particular document or piece of information in the attachments.

The magistrate reviewed Loggins' amended petition and determined it remained deficient. He informed Loggins the amended application did not name a proper respondent and failed to provide a clear statement of the factual allegations. The magistrate specifically set forth what was missing from the application, explaining the requirements for habeas petitions are more stringent than ordinary civil actions. He then told Loggins: "Naked allegations of constitutional violations are not cognizable under § 2254." (R. Vol. I at 141-42.) He required Loggins to file a second amended application "provid[ing] specific factual allegations in support of each asserted claim." (*Id.* at 141.)

Loggins subsequently filed a second amended § 2254 petition. In the words of the district judge, this application also failed "to provide a clear statement of any federal constitutional claims" and "to allege facts in support of any of the claims being asserted." (R. Vol. I at 173.) The court denied Loggins' petition and dismissed the action without prejudice. It also denied a certificate of appealability (COA) and his petition to proceed *ifp* on appeal. Loggins sought a COA and to proceed *ifp* on appeal with this Court. After we denied his request to proceed *ifp*, Loggins paid the required fees. We now address his request for a COA.

## II.   DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional

- 5 -

right." 28 U.S.C. § 2253(c)(2). The district court correctly determined Loggins failed to provide a coherent constitutional claim supported by record facts.[9] Loggins' request for a COA provides the following statement of his case:

> Appellant petitioned the court for records & recordings (Documents Enclosed) prove; day, dates, and times are conflicting from two sep[a]rate judges. An illegal sentence, Double Jeopardy, and Due Process was nao-facto. Constitutional rights is [sic] in direct v[i]olation.

(Application for COA at 2.) His opening brief fares no better. A solicitous review of the record reveals no basis for any claim let alone one detailing a constitutional violation.

We **DENY** Loggins' request for a COA and **DISMISS** this matter. We **DENY** his Rule 30 motions filed on July 19 and July 28, 2010, as well as his motion for discovery filed on August 10, 2010.

**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge

---

[9] Loggins' claim appears to be based on the 1990 proceedings. Because of the passage of time, the statute of limitations might bar them regardless of their possible merit.